Michael L. Fox (SBN 173355)
Sean Patterson (SBN 234565)
**DUANE MORRIS LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001

Robert Kum (SBN 185530)
**DUANE MORRIS LLP**
865 South Figueroa Street, Suite 3100
Los Angeles, CA  90017-5450
Telephone: +1 213 689 7400
Fax: +1 213 689 7401
E-mail:  mlfox@duanemorris.com
          rkum@duanemorris.com
          cspatterson@duanemorris.com

Attorneys for Defendants
PRESTIGE CONSUMER HEALTHCARE INC.
(fka "Prestige Brands Holdings, Inc.") and
MEDTECH PRODUCTS INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| L.A. INTERNATIONAL CORP., MANHATTAN WHOLESALERS INC., EXCEL WHOLESALE DISTRIBUTORS INC., VALUE DISTRIBUTOR, INC., BORDER CASH & CARRY, INC., AKR CORPORATION, U.S. WHOLESALE OUTLET & DISTRIBUTION, INC.; SANOOR, INC. (d/b/a L.A. TOP DISTRIBUTOR); PITTSBURG WHOLESALE GROCERS, INC.; and PACIFIC GROSERVICE, INC.<br><br>Plaintiffs,<br><br>v.<br><br>PRESTIGE BRANDS HOLDINGS, INC. and MEDTECH PRODUCTS INC.,<br><br>Defendants. | Case No.: 2:18-cv-06809-MWF-MRW<br><br>**DEFENDANT MEDTECH PRODUCTS INC.'S REDACTED ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**<br><br>**REDACTED PURSUANT TO COURT ORDER DATED OCTOBER 23, 2018**<br><br><br><br>Complaint Filed:  August 8, 2018<br>FAC Filed:  August 20, 2018<br>Current response:  October 19, 2018 |

Defendant MEDTECH PRODUCTS INC. ("Medtech" or "Defendant") hereby answers the Amended Complaint filed by Plaintiffs L.A. INTERNATIONAL CORP., MANHATTAN WHOLESALERS INC., EXCEL WHOLESALE DISTRIBUTORS INC., VALUE DISTRIBUTOR, INC., BORDER CASH & CARRY, INC., AKR CORPORATION, U.S. WHOLESALE OUTLET & DISTRIBUTION, INC.; SANOOR, INC. (d/b/a L.A. TOP DISTRIBUTOR); PITTSBURG WHOLESALE GROCERS, INC.; and PACIFIC GROSERVICE, INC. (collectively "Plaintiffs"), as follows:

1. The allegations in paragraph 1 constitute a legal conclusion to which no response is required.

2. The allegations in paragraph 2 constitute a legal conclusion to which no response is required.

3. Medtech states that it lacks information or belief sufficient to respond and on that basis denies, both generally and specifically, the allegations regarding the location of Plaintiffs' principal places of business contained in paragraph 3. The remaining allegations in paragraph 3 constitute a legal conclusion to which no response is required.

4. Medtech states that it is not required to respond to Plaintiffs' citations to the Robinson-Patman Act, 15 U.S.C. § 13 ("RPA"), or the decision issued by the Supreme Court in *FTC v. Morton Salt Co.*, 334 U.S. 37 (1948), as this authority speaks for itself. Medtech also states that it is not required to respond to the legal conclusions and argument included in paragraph 4.

5. Medtech admits that it is the supplier of the product Clear Eyes® Redness Relief Brand eye drops (hereinafter "Clear Eyes®"). Medtech denies the remaining allegations in paragraph 5.

6. Medtech denies Plaintiffs' statement that Medtech has ever engaged in illegal discrimination. Medtech states that it lacks information or belief sufficient to

/ / /

respond and on that basis denies, both generally and specifically, the remaining allegations contained in paragraph 6.

7. Medtech admits that Plaintiffs seek the relief they state in paragraph 7, but denies that Plaintiffs are entitled to such relief.

8. Medtech states that it is not required to respond to the legal conclusions and argument included in paragraph 8. To the extent a response is required, Medtech lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies them.

9. Medtech states that it is not required to respond to the legal conclusions and argument included in paragraph 9. To the extent a response is required, Medtech lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies them.

10. Medtech states that it is not required to respond to the legal conclusions and argument included in paragraph 10. To the extent a response is required, Medtech lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies them.

11. Medtech states that it is not required to respond to the legal conclusions and argument included in paragraph 11. To the extent a response is required, Medtech lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies them.

12. Medtech states that it is not required to respond to the legal conclusions and argument included in paragraph 12. To the extent a response is required, Medtech lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies them.

13. Medtech states that it is not required to respond to the text cited by Plaintiffs from the Congressional Record, which speaks for itself. Nor is Medtech required to respond to the legal conclusions and argument included in paragraph 13. To the extent a response is required, Medtech lacks sufficient knowledge or

information to form a belief as to the truth of the allegations, and on that basis denies them.

14. Medtech states that it is not required to respond to the text cited by Plaintiffs from the Congressional Record, which speaks for itself. Nor is Medtech required to respond to the legal conclusions and argument included in paragraph 14. To the extent a response is required, Medtech lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny them.

15. Medtech states that it is not required to respond to the legal conclusions and argument included in paragraph 15. To the extent a response is required, Medtech lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies them.

16. Medtech states that it is not required to respond to Plaintiffs' cited authority, *Chroma Lighting v. GTE Products Corp.*, 111 F.3d 653 (9th Cir. 1997), which speaks for itself. Nor is Medtech required to respond to the legal conclusions and argument included in paragraph 16. To the extent a response is required, Medtech lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies them.

17. Medtech denies Plaintiffs' allegations that "the competitive landscape and individual consumers themselves have *also* been harmed by Medtech's illegal price discrimination" and that Medtech failed to comply with "the Robinson-Patman Act and California law." Medtech states that it lacks information or belief sufficient to respond and on that basis denies, both generally and specifically, each of the remaining allegations contained in paragraph 17.

18. Medtech denies the allegations in paragraph 18.

19. Medtech lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19, and on that basis denies them.

/ / /

20. Medtech lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20, and on that basis denies them.

21. Medtech lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21, and on that basis denies them.

22. Medtech lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22, and on that basis denies them.

23. Medtech lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23, and on that basis denies them.

24. Medtech lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24, and on that basis denies them.

25. Medtech lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25, and on that basis denies them.

26. Medtech lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26, and on that basis denies them.

27. Medtech lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27, and on that basis denies them.

28. Medtech states that Prestige Consumer Healthcare Inc. (fka "Prestige Brands Holdings, Inc.") is a publically traded company, incorporated in Delaware with its principal place of business in Tarrytown, New York, whose indirect subsidiaries market and distribute brand name over-the-counter healthcare products, including Clear Eyes® brand products. Medtech denies, both generally and specifically, each of the remaining allegations contained in paragraph 28.

29. Medtech states that it is a Delaware corporation with its principal place of business in Tarrytown, New York, and that it is a wholly-owned indirect subsidiary of Prestige Consumer Healthcare Inc. Medtech admits all other allegations in paragraph 29.

30. Medtech lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 30, and on that basis denies them.

31. Medtech lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 31, and on that basis denies them.

32. Medtech admits that it is the supplier of Clear Eyes® brand products throughout the time period allegedly at issue in this matter. Medtech also admits that its Clear Eyes® Redness Relief Pocket Pal product is sold in a 0.2 oz container, at retail locations across the United States, and that it can be purchased directly from Medtech in 12-unit packs. Except as expressly admitted, Medtech lacks sufficient knowledge or information to form a belief as to the truth of all other allegations in paragraph 32, and on that basis denies them.

33. Medtech admits that the 2014 Annual Fiscal Report published by Prestige Consumer Healthcare Inc. stated that Clear Eyes® held the #2 market position and 21% of the total market share for the eye care product category. Medtech also admits that the 2018 Annual Fiscal Report published by Prestige Consumer Healthcare Inc. stated that the Clear Eyes® brand held the #1 eye care product market position. Except as expressly admitted, Medtech lacks sufficient knowledge or information to form a belief as to the truth of all other allegations in paragraph 33, and on that basis denies them.

34. The allegations in paragraph 34 constitute a legal conclusion to which no response is required.

35. Medtech admits that it currently sells Clear Eyes® brand products throughout the United States and in certain other countries. Medtech denies, both generally and specifically, each of the remaining allegations contained in paragraph 35.

36. Medtech admits that Clear Eyes® can be purchased directly or through a broker. Medtech denies, both generally and specifically, each of the remaining allegations contained in paragraph 36.

37. Medtech admits that the unit price on the invoice for the purchase of Clear Eyes® Redness Relief Pocket Pal product to Plaintiff L.A. Top was ▮▮▮▮ on

February 1, 2017.  Medtech states that it lacks information or belief sufficient to respond and on that basis denies, both generally and specifically, each of the remaining allegations contained in paragraph 37.

38.     Medtech admits that the unit price on the invoice for the purchase of Clear Eyes® Redness Relief Pocket Pal product to Plaintiff L.A. International was ▓▓▓▓ on March 31, 2018.  Medtech also admits that it periodically offered ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Medtech states that it lacks information or belief sufficient to respond and on that basis denies, both generally and specifically, each of the remaining allegations contained in paragraph 38.

39.     Medtech admits that it periodically offered ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Medtech denies, both generally and specifically, each of the remaining allegations contained in paragraph 39.

40.     Medtech admits that Plaintiffs and others were ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ for Clear Eyes® Redness Relief Pocket Pal product. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Medtech denies, both generally and specifically, each of the remaining allegations contained in paragraph 40.

41.     The allegations in paragraph 41 constitute a legal conclusion to which no response is required.  To the extent a response is required, Medtech lacks sufficient knowledge or information to form a belief as to the truth of all allegations in paragraph 41, and on that basis denies them.

42.     The allegations in paragraph 42 constitute a legal conclusion to which no response is required.  To the extent a response is required, Medtech lacks sufficient knowledge or information to form a belief as to the truth of all allegations in paragraph 42, and on that basis denies them.

1     43.     Medtech admits that it periodically offered ███████████████████████████████████████████████████████████████████████████████████. The other allegations in paragraph 43 constitute a legal conclusion to which no response is required. To the extent a response is required, Medtech lacks sufficient knowledge or information to form a belief as to the truth of all other allegations in paragraph 43, and on that basis denies them.

    44.     The allegations in paragraph 44 constitute a legal conclusion to which no response is required. To the extent a response is required, Medtech lacks sufficient knowledge or information to form a belief as to the truth of all allegations in paragraph 44, and on that basis denies them.

    45.     Medtech lacks sufficient knowledge or information to form a belief as to the truth of all allegations in paragraph 45, and on that basis denies them.

    46.     The allegations in paragraph 46 constitute a legal conclusion to which no response is required. To the extent a response is required, Medtech lacks sufficient knowledge or information to form a belief as to the truth of all allegations in paragraph 46, and on that basis denies them.

    47.     Medtech admits that the 2018 Annual Fiscal Report published by Prestige Consumer Healthcare Inc. stated that the Clear Eyes® brand held the #1 eye care product market position. Except as expressly admitted, Medtech lacks sufficient knowledge or information to form a belief as to the truth of all allegations in paragraph 46, and on that basis denies them.

    48.     Medtech admits that it does not disclose prices for Clear Eyes® brand products made available to other customers and will take all reasonable and necessary steps to protect its trade secrets. The other allegations in paragraph 48 constitute a legal conclusion to which no response is required. To the extent a response is required, Medtech lacks sufficient knowledge or information to form a belief as to the truth of all allegations in paragraph 48, and on that basis denies them.

# FIRST CLAIM FOR RELIEF
## (Robinson-Patman Act, 15 U.S.C. § 13(a))

49. Medtech reincorporates and re-alleges each of the above responses to the allegations in the First Amended Complaint as though fully set forth herein.

50. Medtech denies the allegations in paragraph 50.

51. The allegations in paragraph 51 constitute a legal conclusion to which no response is required. To the extent a response is required, Medtech denies the allegations in paragraph 51.

52. The allegations in paragraph 52 constitute a legal conclusion to which no response is required. To the extent a response is required, Medtech denies the allegations in paragraph 52.

53. The allegations in paragraph 53 constitute a legal conclusion to which no response is required. To the extent a response is required, Medtech denies the allegations in paragraph 53.

54. The allegations in paragraph 54 constitute a legal conclusion to which no response is required. To the extent a response is required, Medtech denies the allegations in paragraph 54.

55. Medtech denies the allegations in paragraph 55.

# SECOND CLAIM FOR RELIEF
## (Robinson-Patman Act, 15 U.S.C. § 13(d))

56. Medtech reincorporates and re-alleges each of the above responses to the allegations in the Amended Complaint as though fully set forth herein.

57. The allegations in paragraph 57 constitute a legal conclusion to which no response is required. To the extent a response is required, Medtech admits that it periodically offered ███████████████████████████████████████ ███████████████████████████████████████ Medtech denies, both generally and specifically, each of the remaining allegations contained in paragraph 57.

58. Medtech denies the allegations in paragraph 58.

## THIRD CLAIM FOR RELIEF

### (California Unfair Practices Act, Cal. Bus. & Prof. Code § 17045)

59. Medtech reincorporates and re-alleges each of the above responses to the allegations in the Amended Complaint as though fully set forth herein.

60. Medtech admits that "Plaintiffs have never been told by either Medtech or its brokers that it grants a lower price to Costco and Sam's Club." Medtech denies, both generally and specifically, each of the remaining allegations contained in paragraph 60.

61. Medtech denies the allegations in paragraph 61.

62. Medtech denies the allegations of illegal price discrimination. Medtech lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 62, and on that basis denies them.

63. Medtech denies the allegations in paragraph 63.

## FOURTH CLAIM FOR RELIEF

### (California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200)

64. Defendants reincorporate and re-allege each of the above responses to the allegations in the Amended Complaint as though fully set forth herein.

65. The allegations in paragraph 65 constitute a legal conclusion to which no response is required. To the extent a response is required, Medtech denies the allegations.

66. The allegations in paragraph 66 constitute a legal conclusion to which no response is required. To the extent a response is required, Medtech denies the allegations.

## PRAYER

Medtech denies that Plaintiffs are entitled to any relief.

/ / /

/ / /

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Functional Discount)

The price difference and promotional payments Medtech made available to Costco or Sam's Club were provided and justified as functional discounts. "A seller may charge a buyer reduced prices if the reduced prices reflect a bona fide "functional discount"—in essence, a set-off for the value of services the purchaser performs for the seller." *Coalition for a Level Playing Field LLC. v. Autozone, Inc.*, 737 F. Supp. 2d 194, 201 (S.D.N.Y. 2010); *Texaco v. Hasbrouck*, 496 U.S. 543, 556 (1990).

## SECOND AFFIRMATIVE DEFENSE

### (Materially Different Contract Terms)

There is no violation of the Robinson-Patman Act or California's Unfair Competition Act where, as here, the different prices for Clear Eyes® charged to Costco or Sam's Club is based on contracts that have materially different terms from the contracts between Medtech and Plaintiffs. *Texas Gulf Sulphur Co. v. J.R. Simplot Co.*, 418 F.2d 793, 805-06 (9th Cir. 1969).

## THIRD AFFIRMATIVE DEFENSE

### (Meeting Competition in Good Faith)

Plaintiffs' claims are barred, in whole or in part, because Medtech's alleged acts or omissions resulting in price discrimination were committed in good faith and justified to meet a competing seller's price. *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.*, 668 F.2d 1014 (9th Cir. 1981).

## FOURTH AFFIRMATIVE DEFENSE

### (Operations Were Not Contemporaneous)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs were not customers of Medtech at the time that prices were awarded to other enterprises. *England v. Chrysler Corp.*, 493 F.2d 269, 272 (9th Cir. 1974).

/ / /

## FIFTH AFFIRMATIVE DEFENSE

### (Functional Availability)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to take commercially reasonable steps to "take advantage of" the incentives offered to other enterprises. *Tri-Valley Packing Ass'n v. F.T.C.*, 329 F.2d 694, 703-04 (9th Cir. 1964).

## SIXTH AFFIRMATIVE DEFENSE

### (No Harm To Competition)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs cannot show that "the effect of [the alleged] price discrimination may be substantially to lessen competition." 15 U.S.C. § 13(a); *J. Truett Payne Co. v. Chrysler Motors Corp.*, 451 U.S. 557, 562 (1981). Plaintiffs also cannot establish a "harm to competition" because they cannot show that "a substantial price discrimination existed between" Plaintiffs and their alleged competitors "over a period of time." *FTC v. Morton Salt Co.*, 334 U.S. 37, 43-44 (1948); *Hasbrouck v. Texaco, Inc.* 842 F.2d 1034, 1041 (1987).

## SEVENTH AFFIRMATIVE DEFENSE

### (Cost Justification)

Plaintiffs' claims are barred, in whole or in part, because the alleged price discrimination, if any, "make[s] only due allowance for differences in the cost of manufacture, sale, or delivery resulting from the differing methods of quantities in which [Clear Eyes®] are… sold or delivered." 15 U.S.C. § 13(a); *Uniroyal, Inc. v. Hoff and Thames, Inc.*, 511 F. Supp. 1060, 1071 (1981); *United States v. Borden Co.*, 370 U.S. 460 (1962).

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiffs' Amended Complaint, and each claim alleged therein, fails to state a legally cognizable claim for relief.

/ / /

## NINTH AFFIRMATIVE DEFENSE

### (Fault of Third Parties)

Plaintiffs' claims are barred, in whole or in part, due to the fault of one or more parties not named in this action.

## TENTH AFFIRMATIVE DEFENSE

### (Plaintiffs' Acts or Omissions)

Plaintiffs' claims are barred, in whole or in part, because any alleged damages were caused, in whole or in part, by Plaintiffs' own acts or omissions.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Damages Too Speculative and Remote)

Each of the Plaintiffs' claims are barred, in whole or in part, because the damages sought are too speculative and remote, and because Plaintiffs have failed to disaggregate damages attributable to Medtech's alleged conduct.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Each of the Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate, or attempt to mitigate their alleged damages from their alleged lost sales in any way.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Fair and Lawful Competition)

Plaintiffs' claims under California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, et seq.) are barred in whole or in part because Medtech's actions were not unlawful, unfair or fraudulent. Medtech is permitted to engage in fair competition. *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163 (1999).

/ / /

/ / /

/ / /

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

Medtech reserves the right to amend this Answer to assert additional defenses, cross-claims, counterclaims, or other defenses as discovery proceeds.

Dated: October 24, 2018

Respectfully submitted,

**DUANE MORRIS** LLP

By: _____/s/ Robert Kum_____
    Michael L. Fox
    Robert Kum
    Sean Patterson
    Attorneys for Defendants
    PRESTIGE CONSUMER HEALTHCARE INC. (fka "Prestige Brands Holdings, Inc.") and MEDTECH PRODUCTS INC.

## DISCLOSURE STATEMENT

Defendant Medtech Products Inc. discloses, pursuant to Federal Rule of Civil Procedure 7.1, that Medtech Products Inc. is a wholly-owned indirect subsidiary of Prestige Consumer Healthcare Inc., which is a publicly held corporation.

Dated: October 24, 2018

Respectfully submitted,

**DUANE MORRIS LLP**

By: _____/s/ Robert Kum_____
Michael L. Fox
Robert Kum
Sean Patterson
Attorneys for Defendants
PRESTIGE CONSUMER HEALTHCARE INC. (fka "Prestige Brands Holdings, Inc.") and MEDTECH PRODUCTS INC.