**FILED**
CLERK, U.S. DISTRICT COURT

12/14/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____CR_____ DEPUTY

1

2

3

4

5

6

7

8

9

10

11

**UNITED STATES DISTRICT COURT**

12

**CENTRAL DISTRICT OF CALIFORNIA**

13

14   L.A. INTERNATIONAL CORP., et
15   al.,

Case No. 2:18-cv-06809-MWF-MRW

16                    Plaintiffs,

The Honorable Michael W. Fitzgerald,
United States District Judge

17          v.

18   PRESTIGE CONSUMER
     HEALTHCARE, INC., et al.,
19

**JURY INSTRUCTIONS**

20                    Defendants.

21

22

23

24

25

26

27

28

## INSTRUCTION NO. 1

### (Duty of the Jury)

Members of the jury: Now that you have heard all of the evidence and the arguments of the lawyers, it is my duty to instruct you on the law that applies to this case.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

All parties are equal before the law, and a corporation is entitled to the same fair and conscientious consideration by you as any party.

Please do not read into these Instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

**INSTRUCTION NO. 2**

**(Claims and Defenses)**

I will give you a brief summary of the positions of the parties:

The Plaintiffs claim that the Defendants have violated the law by (1) selling Clear Eyes to Costco Business Center and Sam's Club at prices that were lower than those paid by each of the Plaintiffs, which may harm competition to the advantage of those who received the lower prices (the claim under the federal Robinson-Patman Act); and (2) providing advertising and promotional payments or allowances to Costco Business Center and Sam's Club that the Defendants did not provide to the Plaintiffs on proportionally equal terms (the claim under the California Unfair Practices Act).  The Plaintiffs have the burden of proving these claims.

The Defendants deny those claims.  The Defendants further contend that they have established the affirmative defenses of (a) a good-faith attempt to meet the price offered by a competitor (regarding the Plaintiffs' claims under both the Robinson-Patman Act and the California Unfair Practices Act); (b) a reflection of difference(s) in the cost for manufacture, sale, or delivery of the product to these other purchasers (regarding the Plaintiffs' claim for violation of the Robinson-Patman Act); and (c) the alleged differences in pricing is permissible as it applies to different classes of customers (regarding the Plaintiffs' claim for violation of the California Unfair Practices Act).  The Defendants have the burden of proof on these affirmative defenses.

The Plaintiffs deny the Defendants' contentions.

You should decide the case as to each Plaintiff separately.  Unless otherwise stated, the Instructions apply to all parties.

**INSTRUCTION NO. 3**

**(Burden of Proof—Preponderance of the Evidence)**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1                                       **INSTRUCTION NO. 4**

2                                        **(What is Evidence)**

The evidence you are to consider in deciding what the facts are consists of:

1.     the sworn testimony of any witness;

2.     the exhibits that are admitted into evidence;

3.     any facts to which the lawyers have agreed; and

4.     any facts that I have instructed you to accept as proved.

The lawyers have agreed that there is no dispute as to the following facts:

1.     The Plaintiffs are wholesale businesses that sell, among other merchandise, Clear Eyes® Redness Relief eye drops in the Handy Pocket Pal® container ("Clear Eyes").

2.     Four of the Plaintiffs are based in the Los Angeles area:  L.A. International, L.A. Top Distributor, U.S. Wholesale, and Value Distributor.  Two of the Plaintiffs are based in the San Francisco area and do business together under the name "PITCO": Pittsburg Wholesale Grocers and Pacific Groservice.  Three of the Plaintiffs are based in the New York City area: AKR, Excel Wholesale, and Manhattan Wholesalers.  And one Plaintiff is based in San Antonio, Texas: Border Cash & Carry.

3.     Defendants Prestige Consumer Healthcare, Inc. ("Prestige") and its wholly-owned subsidiary Medtech Products, Inc. manufacture and distribute Clear Eyes.  The former name of Prestige was Prestige Brands Holdings, Inc.

4.     The Defendants manufacture Clear Eyes in South Africa and distribute that product across the United States.

5.     The Defendants use brokers to sell Clear Eyes to the Plaintiffs and other wholesalers.  At different times during the relevant period, those

brokers were J&J Sales, Telmark Sales Solutions Inc., Synergy Sales & Marketing, and Advantage Sales & Marketing.

6.     The Defendants also use a broker, Advantage Solutions, to sell Clear Eyes to Costco Business Center.

7.     Costco operates two types of stores, the "regular" Costco store, and a separate type called Costco Business Center.

8.     Costco has sold Clear Eyes only through its Costco Business Centers at all relevant times.

9.     Costco currently operates four Costco Business Centers in the Los Angeles area, two in the San Francisco area, and one in Hackensack, New Jersey.

10.    From March 2017 through the present, the Defendants have also sold Clear Eyes to Walmart, Inc.'s Sam's Club division.

11.    Sam's Club currently operates multiple stores in the Los Angeles area, one store in the San Francisco area, two locations in the New York City area, and six stores in San Antonio.

12.    Between 2014 and 2016, the Defendants also sold individual containers of Clear Eyes to a company called Select Corporation, which were repackaged and labeled with Select's logo by Select Corporation.

## INSTRUCTION NO. 5

### (What is Not Evidence)

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.   Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.   Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

3.   Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

4.   Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

# INSTRUCTION NO. 6

## (Direct and Circumstantial Evidence)

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## INSTRUCTION NO. 7

### (Ruling on Objections)

There are rules of evidence that control what can be received into evidence. When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer objected. If I overruled the objection, the question was answered, or the exhibit was received. If I sustained the objection, the question was not answered, or the exhibit was not received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**INSTRUCTION NO. 8**

**(Credibility of Witnesses)**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.     the opportunity and ability of the witness to see or hear or know the things testified to;

2.     the witness's memory;

3.     the witness's manner while testifying;

4.     the witness's interest in the outcome of the case, if any;

5.     the witness's bias or prejudice, if any;

6.     whether other evidence contradicted the witness's testimony;

7.     the reasonableness of the witness's testimony in light of all the evidence; and

8.     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

1    The weight of the evidence as to a fact does not necessarily depend on the

2    number of witnesses who testify.  What is important is how believable the

3    witnesses were, and how much weight you think their testimony deserves.

1    **INSTRUCTION NO. 9**

2    **(No Transcript Available to Jury)**

3        During deliberations you will not have a transcript of the trial testimony.

4    You will have to make your decision based on what you recall of the evidence.

5        If you wish to have a portion of the testimony read in open court, you may

6    do so by sending me a note.  However, it is not possible that only a very small

7    amount of testimony can be read to you; it is likely that all of the testimony of a

8    witness will be read.  Moreover, in hearing the testimony read, you will not be

9    seeing the demeanor and manner of the witness while testifying.  I therefore urge

10   you to make your decision without having any testimony read.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 10**

**(Taking Notes)**

Whether or not you took notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

# INSTRUCTION NO. 11

## (Bench Conferences and Recesses)

From time to time during the trial, it became necessary for me to talk with the lawyers out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess.  Please understand that while you were waiting, we were working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum.  Do not consider my granting a request for a conference as any indication of my opinion of the case or of what your verdict should be.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 12**

**(Charts and Summaries)**

Certain charts and summaries not admitted into evidence were shown to you in order to help explain the contents of books, records, documents, or testimony. Other charts and summaries were admitted into evidence and you will have those charts and summaries as exhibits in the jury room.

Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 13**

**(Deposition in Lieu of Live Testimony)**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The depositions of the following witnesses were presented during trial:

- Hector Garcia, taken on June 25, 2019;
- Jonathan Christian, taken on September 6, 2019;
- Storm Quattlebaum, taken on August 14, 2019; and
- William Maher, taken on August 15, 2019.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 14**

**(Use of Interrogatories)**

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

## INSTRUCTION NO. 15

### (Opinion Witnesses)

You have heard testimony from Dr. DeForest McDuff and Dr. Mark Meitzen, who testified to opinions and the reasons for their opinions. This opinion testimony is allowed because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# ROBINSON-PATMAN ACT INSTRUCTIONS

## INSTRUCTION NO. 16

### (General Definition of Price Discrimination)

The Plaintiffs claim that the Defendants engaged in price discrimination in violation of the Robinson-Patman Act.  Under certain circumstances, the Robinson-Patman Act prohibits a seller from selling goods of like grade and quality to different purchasers at different prices.  However, the Robinson-Patman Act does not prohibit all price differences.

In this case, it is not disputed, regardless of the invoice price or list price, that the Defendants sold Clear Eyes to other purchasers – Costco Business Center and Sam's Club – at prices that were lower than those paid by each of the Plaintiffs. The issue for you is whether the differences in price are allowed under the Robinson-Patman Act.

**INSTRUCTION NO. 17**

**(Robinson-Patman Act—Elements)**

Each Plaintiff's claim of price discrimination under the Robinson-Patman Act is based on comparing the Defendants' sales to that Plaintiff, on the one hand, with the Defendants' sales to other purchasers, Costco Business Center and Sam's Club, on the other.

To prevail on this claim, a Plaintiff must prove, with respect to a set of compared sales, each of the following elements:

1.    The sales being compared were made by the Defendants at about the same time;

2.    the products involved in the sales being compared were of like grade and quality; and

3.    there is a reasonable possibility that the discriminatory pricing may harm competition. This element includes the concepts of (a) actual competition (Instruction No. 20); (b) competitive injury (Instruction Nos. 21–22); and (c) functional discounts (Instruction No. 23).

These elements are further explained in Instruction Nos. 18–23.

If you find that the evidence is insufficient to prove any one or more of these elements, then you must find for the Defendants and against the Plaintiff on that Plaintiff's claim under the Robinson-Patman Act.

**INSTRUCTION NO. 18**

**(Reasonably Contemporaneous Sales)**

The first element of the Plaintiffs' claim under the Robinson-Patman Act is that the sales being compared were reasonably contemporaneous. That means that the sale to the Plaintiffs and the sale to the other purchasers, Costco Business Center or Sam's Club, occurred at about the same time. In determining whether the sales being compared were made at about the same time, you may consider the following factors:

1.   Whether the prices in the industry fluctuate or whether prices tend to remain stable over time;

2.   whether the product is seasonal, perishable, or otherwise subject to obsolescence or depreciation;

3.   the length of time between the sales; and

4.   whether market conditions changed during the time between the sales.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 19**

**(Like Grade and Quality)**

The second element of the Plaintiffs' claim under the Robinson-Patman Act is that the Clear Eyes products involved in the sales being compared were of like grade and quality.

If there are no differences in the products sold in the sales being compared, or any differences do not affect consumer use or marketability of the Clear Eyes, then the products are of like grade and quality. Otherwise, the Clear Eyes are not of like grade and quality. If the only difference in the Clear Eyes products is labeling or branding, then they are of like grade and quality.

**INSTRUCTION NO. 20**

**(Actual Competition)**

The third element of the Plaintiffs' claim under the Robinson-Patman Act is that there is a reasonable possibility that the discriminatory pricing may harm competition.

In order to establish this third element, a Plaintiff must first prove that it was engaged in "actual competition" with one or more of the alleged favored purchasers to resell Clear Eyes.  To prove this third element that the Plaintiff competed with Costco Business Centers and/or Sam's Club, the Plaintiff must prove each of the following three things:

    1.    The Plaintiff is located in the same geographical area as one or more outlets of Costco Business Center and/or Sam's Club;

    2.    the Plaintiff purchased Clear Eyes from the Defendants within approximately the same period of time as Costco Business Center and/or Sam's Club; and

    3.    the Plaintiff and Costco Business Center and/or Sam's Club operated on the same functional level, such as wholesaling or retailing, for the Clear Eyes product.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 21**

**(Competitive Injury—General)**

The third element of a claim under the Robinson-Patman Act requires a finding of a reasonable possibility of harm to competition.  The Plaintiffs are not required to prove that the alleged price difference actually harmed competition.

1
2

**INSTRUCTION NO. 22**

**(Competitive Injury—Defined)**

3      To establish a reasonable possibility of harm to competition, a Plaintiff

4   must show, among other things, that sales or profits were diverted from them to

5   competing purchasers because of discrimination.  A Plaintiff can show that sales

6   or profits were diverted either (a) by showing a substantial difference in price

7   between sales by the Defendants to that Plaintiff and Costco Business Center

8   and/or Sam's Club over a significant period of time, or (b) by offering direct

9   evidence of lost sales or profits caused by discrimination.  Each Plaintiff must

10   show that it and the alleged favored purchaser(s) competed to resell Clear Eyes to

11   the same customers or buyers.

12      Proof of a reasonable possibility of harm to competition can be overcome or

13   rebutted if you find that the Defendants proved that any lost sales or profits were

14   not caused by the price differential but were caused by some other factor or

15   factors.  The Defendants claim that any loss of sales or profits by the Plaintiffs

16   resulted from the Plaintiffs' customers choosing to purchase from the favored

17   purchaser for reasons other than the price.  If, however, you find that each Plaintiff

18   actually lost some sales as a result of the alleged price discrimination, then

19   competition has been harmed to that extent.

20      There is a dispute about the amount of the price difference at issue.  That

21   determination is up to you.  In making that determination, you must determine the

22   actual net prices paid by the purchasers by taking into account any rebates,

23   allowances, discounts, or other terms and conditions of sale that alter the price

24   actually paid.  In this case, the Plaintiffs claim that Costco Business Center and

25   Sam's Club received a lower price because these purchasers were given rebates

26   and discounts that were not given to the Plaintiffs.

27
28

1
2

**INSTRUCTION NO. 23**

**(Functional Discounts)**

3    The Defendants claim that their lower prices to the alleged favored

4    purchasers are justified as functional discounts.  "Functional discounts" are

5    discounts given by a seller to a buyer based on the buyer's performance of certain

6    functions for the seller's product.  In this case, the Defendants claim that Costco

7    Business Center and Sam's Club received lower prices because that purchaser

8    performed services, such as brokering sales to their club members, packaging and

9    distributing the product, advertising the product, running promotions and

10    manufacturer rebate tracking for their customers, and/or buying based on yearly

11    commitments that allowed greater predictability in manufacturing.

12    To show that their lower prices to Costco Business Center or Sam's Club

13    were justified as functional discounts, the Defendants must present proof as to each

14    of the following:

15        1.    the purchaser actually performed services such as brokering sales to

16                their club members, packaging and distributing the product,

17                advertising and/or buying based on yearly commitments; and

18        2.    the amount of the discount was a reasonable reimbursement for the

19                actual functions performed by Costco Business Center or Sam's Club.

20    The Plaintiffs bear the ultimate burden to prove that the Defendants' lower

21    prices were not justified as a functional discount.  If you find that the differences in

22    prices here were functional discounts, then any discriminatory pricing did not have

23    a reasonable possibility of harming competition.

24
25
26
27
28

**INSTRUCTION NO. 24**

**(Affirmative Defense of Meeting Competition)**

The Defendants have raised the "meeting competition" affirmative defense. This affirmative defense permits a seller to offer discriminatory prices if done for the purpose of meeting a competitor's price. To prevail on this affirmative defense, the Defendants must prove each of the following elements:

1.    The Defendants acted under circumstances that would lead a reasonable and prudent businessperson to believe in good faith that the granting of a lower price would meet the equally low price of a competitor; and

2.    the lower price was actually a good faith response to the competing lower price.

Here, the Defendants claim that the lower prices they charged to Costco Business Center and Sam's Club were intended to meet the low prices offered by Johnson & Johnson for their competing product – Visine.

The Defendants do not have to establish with absolute certainty that the lower prices were actually being offered by Visine, but only that the Defendants reasonably believed the lower prices were being offered. The law does not require that the Defendants actually verified with Visine that the lower price was available to the alleged favored purchasers or that it actually identified the specific competitor offering the lower price. If the Defendants did not have knowledge of the competitor's price, the Defendants were entitled to act on the information available to the Defendants on good faith investigation.

The Defendants' lower price must have been reasonably tailored to the competitive situation facing them. Thus, the Defendants must have limited their lower price to that group of customers – club stores such as Costco Business Center and Sam's Club – to which the Defendants reasonably believed the lower price was available from Visine. Similarly, the Defendants' lower price must have continued

only as long as the competitive circumstances justifying it, as reasonably known to the Defendants, continued.  The Defendants were entitled to offer a lower price to attempt to meet a competitor's price, but not for the purpose of undercutting that price.  This affirmative defense of meeting competition is still available to the Defendants, however, if the Defendants unknowingly and in good faith beat the competitor's price, if the Defendants' intent was to meet that price.

**INSTRUCTION NO. 25**

**(Affirmative Defense of Cost Justification)**

The Defendants have raised a "cost justification" affirmative defense.  Price differentials that would otherwise violate the Robinson-Patman Act are not unlawful if the price differentials merely make due allowance for differences in the costs of manufacture, sale, or delivery resulting from the differing methods or quantities in which Clear Eyes is sold or delivered to the different purchasers.

The Defendants claim that the lower price they charged Costco Business Center and Sam's Club was justified by cost savings.  To establish this affirmative defense, the Defendants must prove each of the following elements:

1.    There were differences in the cost of manufacturing, selling, or delivering the Clear Eyes sold to the Plaintiffs and Costco Business Center and Sam's Club, which resulted from the differing methods or quantities in which such products were sold or delivered to those buyers; and

2.    the discounts granted to Costco Business Center and Sam's Club make only due allowance for the Defendants' cost savings.

It is not necessary that cost savings correspond to price differences exactly, but to constitute a complete defense any difference between the cost savings and the price differences must be insignificant.  It is also not necessary that the Defendants individually justify each and every price discrepancy between any two purchasers. The Defendants may justify price differences based on cost data developed for groupings of customers.  Such groupings, however, must be composed of such similar customers that the averaging of the cost of dealing with the group is a valid and reasonable measure of the cost of dealing with any specific customer within the group.  For example, the individual customers within the group for which costs have been averaged must closely resemble each other on the essential cost savings factor or factors, such as distance from the seller, services provided, and the like.

**INSTRUCTION NO. 26**

**(No Duty to Request Discount or Promotion)**

The Plaintiffs are not required to show that they requested the discounts and promotions that the Defendants offered to Costco Business Center and Sam's Club.

**INSTRUCTION NO. 27**

**(Damages—Injury and Causation)**

If you find that the Defendants have violated the Robinson-Patman Act as to any Plaintiff and that Defendants failed to prove any affirmative defense, then you must decide if that Plaintiff is entitled to recover damages from the Defendants. The fact that I am instructing you on the issue of damages does not mean that I believe any Plaintiff should, or should not, prevail in this case. If you reach a verdict for the Defendants on the issue of liability, you should not consider the issue of damages, and you may disregard the Instructions on damages that I am about to give you.

The initial issue for you to decide in regard to damages is injury and causation. A Plaintiff is entitled to recover damages for an injury to its business or property if it can establish three elements of injury and causation:

    1.    The Plaintiff was in fact injured as a result of the Defendants' alleged violation of the Robinson-Patman Act;

    2.    the Defendants' alleged illegal conduct was a material cause of Plaintiff's injury; and

    3.    the Plaintiff's injury is an injury of the type that the Robinson-Patman Act was intended to prevent.

The first element is sometimes referred to as "injury in fact" or "fact of damage." For a Plaintiff to establish that it is entitled to recover damages, it must prove that it was injured as a result of the Defendants' alleged violation of the antitrust laws. Proving the fact of damage does not require a Plaintiff to prove the dollar value of its injury. It requires only that the Plaintiff prove that it was in fact injured by the Defendants' alleged violation of the Robinson-Patman Act. If you find that a Plaintiff has established that it was in fact injured, you may then consider the amount of that Plaintiff's damages.

It is important to understand, however, that injury and amount of damage are different concepts and that you cannot consider the amount of damages unless and until you have concluded that a Plaintiff has established that it was in fact injured.

A Plaintiff must also offer evidence that establishes by a preponderance of the evidence that the Defendants' alleged illegal conduct was a material cause of its injury. This means that the Plaintiff must have proved that some damage occurred to it as a result of the Defendants' alleged violation of the Robinson-Patman Act, and not some other cause. A Plaintiff is not required to prove that the Defendants' alleged violation of the Robinson-Patman Act was the sole cause of its injury; nor need a Plaintiff eliminate all other possible causes of injury. It is enough if the Plaintiff has proved that the alleged violation of the Robinson-Patman Act was a material cause of its injury.

Finally, a Plaintiff must establish that its injury is the type of injury that the Robinson-Patman Act was intended to prevent. If a Plaintiff's injuries were caused by a reduction in competition, acts that would lead to reduction in competition, or acts that would otherwise harm consumers, then the Plaintiff's injuries are the type of injury that the Robinson-Patman Act was intended to prevent. On the other hand, if a Plaintiff's injuries were caused by heightened competition, the competitive process itself, or by acts that would benefit consumers, then the Plaintiff's injuries are not the type of injury that the Robinson-Patman Act was intended to prevent and the Plaintiff may not recover damages for those injuries under the Robinson-Patman Act.

In summary, if a Plaintiff can establish that it was in fact injured by the Defendants' conduct, that the Defendants' conduct was a material cause of its injury, and that its injury was the type that the Robinson-Patman Act was intended to prevent, then that Plaintiff is entitled to recover damages for the injury to its business or property.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 28**

**(Amount of Damages)**

If you find that a violation of the Robinson-Patman Act caused injury to a Plaintiff, then you must determine the amount of damages, if any, that the Plaintiff is entitled to recover.

The law provides that a Plaintiff should be fairly compensated for all damages to its business or property that were a direct result or likely consequence of the conduct that you have found to be unlawful.

Damages are only compensatory, meaning their purpose is to put an injured Plaintiff as near as possible in the position in which it would have been had the alleged Robinson-Patman Act violation not occurred.  The law does not permit you to award damages to punish a wrongdoer—what we sometimes refer to as punitive damages—or to deter particular conduct in the future.  Furthermore, you are not permitted to award to any Plaintiff an amount for attorneys' fees or the costs of maintaining this lawsuit.

**INSTRUCTION NO. 29**

**(Basis for Calculating Damages)**

You are permitted to make just and reasonable estimates in calculating a Plaintiff's damages.  You are not required to calculate damages with mathematical certainty or precision.  However, the amount of damages must have a reasonable basis in the evidence and must be based on reasonable, non-speculative assumptions and estimates.  Damages may not be based on guesswork or speculation.  A Plaintiff must prove the reasonableness of each of the assumptions upon which the damages calculation is based.

If you find that a Plaintiff has provided a reasonable basis for determining damages, then you may award damages based on a just and reasonable estimate supported by the evidence as to that Plaintiff.

If you find that a Plaintiff has failed to carry its burden of providing a reasonable basis for determining damages, then you may not award damages to that Plaintiff.

**INSTRUCTION NO. 30**

**(Amount of Damages—Causation and Disaggregation)**

If you find that the Defendants violated the Robinson-Patman Act and that a Plaintiff was injured by that violation, that Plaintiff is entitled to recover for such injury that was the direct result or likely consequence of the unlawful acts of the Defendants. Each Plaintiff bears the burden of showing that its injuries were caused by the Defendants' Robinson-Patman Act violation, as opposed to any other factors. If you find that a Plaintiff's alleged injuries were caused in part by the Defendants' Robinson-Patman Act violation and in part by other factors, then you may award damages only for that portion of that Plaintiff's alleged injuries that were caused by the Defendants' alleged Robinson-Patman Act violation.

The Plaintiffs claim that they suffered injury because they lost sales and profits as a result of the Defendants' alleged Robinson-Patman Act violation. The Defendants claim that the Plaintiffs did not lose any sales or profits as a result of any alleged Robinson-Patman Act violation by the Defendants, and that any sales or profits lost by the Plaintiffs occurred as a result of other factors that had nothing to do with the alleged Robinson-Patman Act violation. The Plaintiffs are not entitled to recover for changes in price that resulted solely from other causes arising from the normal course of business activity. The presence of these factors does not mean the Plaintiffs did not suffer Robinson-Patman Act injuries, but the Plaintiffs are not entitled to recover for damages caused by those factors. The Plaintiffs only may recover for damages caused by the alleged Robinson-Patman Act violations.

Each Plaintiff bears the burden of proving its damages by a preponderance of the evidence, including apportioning damages between lawful and unlawful causes. If you find that a Plaintiff was injured by the Defendants' alleged Robinson-Patman Act violation, and there is a reasonable basis to apportion that Plaintiff's alleged injury between lawful and unlawful causes, then you may award damages.

1    If you find that a Plaintiff's alleged injuries were caused by factors other than

2  the Defendants' alleged Robinson-Patman Act `, then you must return a verdict for

3  the Defendants.  If you find that there is no reasonable basis to apportion a

4  Plaintiff's alleged injury between lawful and unlawful causes, or that apportionment

5  can only be accomplished through speculation or guesswork, then you may not

6  award any damages at all.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 31**

**(Damages—Multiple Plaintiffs in Action)**

Although there are several Plaintiffs in this action, it does not follow from that fact alone that if one is entitled to recover, all are entitled to recover. The Defendants are entitled to a fair consideration as to each Plaintiff, just as each Plaintiff is entitled to a fair consideration against the Defendants. Unless otherwise stated, all Instructions given to you govern the case as to each Plaintiff.

If you award damages, you will be asked what sum of money would fairly and reasonably compensate each Plaintiff. If you find more than one Plaintiff is entitled to recover damages, exercise caution to be sure that each Plaintiff is awarded damages only for its own injuries.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INSTRUCTION NO. 32

### (Damages—Mitigation)

Each Plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

To establish mitigation of damages, the Defendants have the burden of proving each of the following elements:

1.    Each Plaintiff failed to use reasonable efforts to mitigate damages; and

2.    the amount by which damages would have been mitigated.

If you find that the Defendants have proven these two elements, you should reduce the amount of damages you award by the amount that a Plaintiff failed to mitigate.

# CALIFORNIA UNFAIR PRACTICES ACT INSTRUCTIONS

## INSTRUCTION NO. 33

### (Secret Rebates—Essential Factual Elements)

A California law called the California Unfair Practices Act forbids a seller from secretly giving payments, rebates, unearned discounts, or privileges. Plaintiffs L.A. International, L.A. Top Distributor, PITCO, U.S. Wholesale, and Value Distributor claim that the Defendants violated the California Unfair Practices Act.  None of the other Plaintiffs can assert this claim.

To establish this claim, a Plaintiff must prove each of the following elements:

1.    The Defendants secretly gave rebates or unearned discounts or secretly gave services or privileges to some buyers that were not given to other buyers purchasing on like terms and conditions;

2.    a competitor was harmed;

3.    the payment/allowance had a tendency to destroy competition;

4.    the Plaintiff was harmed; and

5.    the Defendants' conduct was a substantial factor in causing the Plaintiff's harm.

 Payments, rebates, unearned discounts, services, or privileges are "secret" if they are concealed from or not disclosed to other buyers.

**INSTRUCTION NO. 34**

**(Affirmative Defense to Secret Rebates—Functional Classifications)**

The Defendants claim that any alleged secret rebates, unearned discounts, services, or privileges proven by any Plaintiff did not violate the California Unfair Practices Act because they apply to different classes of customers.  To establish this affirmative defense, the Defendants must prove each of the following elements:

1. The Defendants created different classes of customers, such as convenience store wholesalers, club stores and kit packers;

2. customers in the different classes performed different functions and assumed the risk, investment, and costs involved;

3. the difference in price, rebates, discounts, services, or privileges for Clear Eyes was given only in those sales where the favored buyer performed the function on which the claim of a different class is based; and

4. the difference in price was reasonably related to the value of such function.

1

2

3

4

5

6

7

8

9

10

11

12

**INSTRUCTION NO. 35**

**(Affirmative Defense to Secret Rebates—Meeting Competition)**

The Defendants claim that any alleged secret rebates, unearned discounts, services, or privileges proven by the Plaintiffs are justified by the need to meet competition.  To establish this affirmative defense, the Defendants must prove that the sales of Clear Eyes were made in an attempt, in good faith, to meet the legal prices of a competitor selling the same product in the ordinary course of business in the same area.

To meet legal prices means to lower the price to a point that the seller believes in good faith is at or above the legal price of the competitor it is trying to meet.  That is, a seller may attempt to "meet," but not "beat," what in good faith it believes to be that competitor's legal price.

# INSTRUCTION NO. 36

## (Affirmative Defense to Secret Rebates—"Good Faith" Explained)

In deciding whether the Defendants acted in good faith in attempting to meet competition, you must decide whether the Defendants' belief was based on facts that would lead a reasonable person to believe that the price the Defendants were offering would meet the legal price of its competitor.  You must consider all of the facts and circumstances present, including, but not limited to the following:

1.    The nature and source of the information on which the Defendants relied;

2.    the Defendants' prior experience, if any, with similar information or with persons who provided the information;

3.    the Defendants' prior pricing practices; and

4.    the Defendants' general business practices.

The Defendants do not have to prove that their price did actually meet the legal price of its competitor; only that they reasonably believed that they were offering a price that would meet the competitor's price.

**INSTRUCTION NO. 37**

**(Damages—Actual Injury)**

If you find that the Defendants have violated the California Unfair Practices Act as to one or more Plaintiffs, then you must decide if that Plaintiff or Plaintiffs are entitled to recover damages from the Defendants.  Again, the fact that I am instructing you on the issue of damages does not mean that I believe any Plaintiff should, or should not, prevail in this case.

A Plaintiff is entitled to recover damages for an injury to its business or property if it can prove each of the following elements:

1.  The Plaintiff was harmed by the secret rebates, unearned discounts, services, or privileges that the Defendants gave to other buyers and not to the Plaintiff; and

2.  the Defendants' conduct was a substantial factor in causing the Plaintiff's harm.

"Damages" means the amount of money that will reasonably compensate that Plaintiff for the harm.  A Plaintiff does not have to prove the exact amount of damages that will provide reasonable compensation for the harm.  However, you must not speculate or guess in awarding damages.

In this case, each Plaintiff is claiming damages for lost profits, as discussed in the next Instruction.

**INSTRUCTION NO. 38**

**(Damages—Lost Profits)**

To recover damages for lost profits, a Plaintiff must prove it is reasonably certain it would have earned profits but for the Defendants' conduct.

To decide the amount of damages for lost profits, you must determine the gross amount a Plaintiff would have received but for the Defendants' conduct and then subtract from that amount the expenses that the Plaintiff would have had if the Defendants' conduct had not occurred.

Again, the amount of the lost profits need not be calculated with mathematical precision, but there must be a reasonable basis for computing the loss.

**INSTRUCTION NO. 39**

**(Duty to Deliberate)**

Before you begin your deliberations, elect one member of the jury as your foreperson. The foreperson will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous. In other words, each answer on the Verdict Form must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 40**

**(Communication with Court)**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**INSTRUCTION NO. 41**

**(Case Must Be Decided on Evidence Presented)**

Because you must base your verdict only on the evidence received in the case and on these Instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website, or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to me through Ms. Momii or the bailiff.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify me immediately.

**INSTRUCTION NO. 42**

**(Return of Verdict)**

A Verdict Form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the Verdict Form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.