JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. INTERNATIONAL CORP., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PRESTIGE CONSUMER HEALTHCARE, INC., et al.,<br><br>Defendants. | Case No. CV 18-6809-MWF (MRWx)<br><br>The Honorable Michael W. Fitzgerald, United States District Judge<br><br>**JUDGMENT AFTER TRIAL** |

This action came on regularly for jury trial between December 5, 2023, and December 14, 2023, in Courtroom 5A of this United States District Court. Plaintiffs L.A. International Corp., Manhattan Wholesalers Inc., Excel Wholesale Distributors Inc., Value Distributor, Inc., Border Cash & Carry, Inc., AKR Corporation, U.S. Wholesale Outlet & Distribution, Inc., Sanoor, Inc. (d/b/a L.A. Top Distributor), Pittsburg Wholesale Grocers, Inc., and Pacific Groservice, Inc. (together, with Pittsburg Wholesale Grocers, Inc., referred to as "PITCO") were represented by Randolph Gaw, Esq. and Mark Poe, Esq. of Gaw | Poe LLP.

Defendants Prestige Consumer Healthcare, Inc. (f/k/a Prestige Brands Holdings, Inc.) and its wholly-owned subsidiary Medtech Products, Inc. (collectively, "Defendants") were represented by Michael Fox, Esq., C. Sean Patterson, Esq., Robert Kum, Esq., Christine Ross, Esq., and William Shotzbarger, Esq. of Duane Morris LLP.

A jury of eight persons was regularly empaneled and sworn.  Witnesses were sworn and testified, and exhibits were admitted into evidence.  The legal issues (damages) were tried to the jury, and the equitable issues (injunctive relief) were tried to the Court.  After hearing the evidence and arguments of counsel, the jury was duly instructed by the Court and the case was submitted to the jury.  The jury deliberated and thereafter returned a verdict as follows:

### **<u>ROBINSON-PATMAN ACT CLAIM</u>**

1.  Did any Plaintiff prove that the Defendants violated the Robinson-Patman Act?  (Instruction No. 17).

| | | |
|---|---|---|
| AKR | _X_ Yes | _____No |
| Border Cash & Carry | _X_ Yes | _____No |
| Excel Wholesale | _X_ Yes | _____No |
| L.A. International | _X_ Yes | _____No |
| L.A. Top Distributor | _X_ Yes | _____No |
| Manhattan Wholesalers | _X_ Yes | _____No |
| PITCO | _X_ Yes | _____No |
| U.S. Wholesale | _X_ Yes | _____No |
| Value Distributor | _X_ Yes | _____No |

*If your answer to Question No. 1 is "Yes" for any Plaintiff, please answer Question No. 2 as to that Plaintiff only.*

*If your answer to Question No. 1 is "No" for all Plaintiffs, please answer Question No. 7.*

**JUDGMENT AFTER TRIAL**

2.      Did the Defendants prove, as to any Plaintiff, that the differences in price for Clear Eyes given to Costco Business Center and Sam's Club were to meet the price of the Defendants' competitor?  (Instruction No. 24).

| | | |
|---|---|---|
| AKR | _____ Yes | _X_ No |
| Border Cash & Carry | _____ Yes | _X_ No |
| Excel Wholesale | _____ Yes | _X_ No |
| L.A. International | _____ Yes | _X_ No |
| L.A. Top Distributor | _____ Yes | _X_ No |
| Manhattan Wholesalers | _____ Yes | _X_ No |
| PITCO | _____ Yes | _X_ No |
| U.S. Wholesale | _____ Yes | _X_ No |
| Value Distributor | _____ Yes | _X_ No |

*If your answer to Question No. 2 is "Yes" for all Plaintiffs, please answer Question No. 7.*

*If your answer to Question No. 2 is "No" for any Plaintiff, please answer Question No. 3 as to that Plaintiff only.*

3.      Did the Defendants prove, as to any Plaintiff, that the difference in price for Clear Eyes given to Costco Business Center and Sam's Club were justified by cost differences?  (Instruction No. 25).

| | | |
|---|---|---|
| AKR | _____ Yes | _X_ No |
| Border Cash & Carry | _____ Yes | _X_ No |
| Excel Wholesale | _____ Yes | _X_ No |
| L.A. International | _____ Yes | _X_ No |
| L.A. Top Distributor | _____ Yes | _X_ No |
| Manhattan Wholesalers | _____ Yes | _X_ No |
| PITCO | _____ Yes | _X_ No |
| U.S. Wholesale | _____ Yes | _X_ No |

3

**JUDGMENT AFTER TRIAL**

Value Distributor     \_\_\_\_\_ Yes     \_X\_\_No

*If your answer to Question No. 3 is "Yes" for all Plaintiffs, please answer Question No. 7.*

*If your answer to Question No. 3 is "No" for any Plaintiff, please answer Question No. 4 as to that Plaintiff only.*

4.    Did any Plaintiff prove that it was injured by the Defendants' violations of the Robinson-Patman Act?  (Instruction No. 27).

| | | |
|---|---|---|
| AKR | \_X\_\_Yes | \_\_\_\_\_No |
| Border Cash & Carry | \_X\_\_Yes | \_\_\_\_\_No |
| Excel Wholesale | \_X\_\_Yes | \_\_\_\_\_No |
| L.A. International | \_X\_\_Yes | \_\_\_\_\_No |
| L.A. Top Distributor | \_X\_\_Yes | \_\_\_\_\_No |
| Manhattan Wholesalers | \_X\_\_Yes | \_\_\_\_\_No |
| PITCO | \_X\_\_Yes | \_\_\_\_\_No |
| U.S. Wholesale | \_X\_\_Yes | \_\_\_\_\_No |
| Value Distributor | \_X\_\_Yes | \_\_\_\_\_No |

*If your answer to Question No. 4 is "Yes" for any Plaintiff, please answer Question No. 5 as to that Plaintiff only.*

*If your answer to Question No. 4 is "No" for all Plaintiffs, please answer Question No. 7.*

5.    Did the Defendants prove that a Plaintiff failed to use reasonable efforts to mitigate its damages under the Robinson-Patman Act?  (Instruction No. 32).

| | | |
|---|---|---|
| AKR | \_\_\_\_\_ Yes | \_X\_\_No |
| Border Cash & Carry | \_\_\_\_\_ Yes | \_X\_\_No |
| Excel Wholesale | \_\_\_\_\_ Yes | \_X\_\_No |

**JUDGMENT AFTER TRIAL**

| | | | |
|---|---|---|---|
| L.A. International | _____ Yes | _X_ No |
| L.A. Top Distributor | _____ Yes | _X_ No |
| Manhattan Wholesalers | _____ Yes | _X_ No |
| PITCO | _____ Yes | _X_ No |
| U.S. Wholesale | _____ Yes | _X_ No |
| Value Distributor | _____ Yes | _X_ No |

*Regardless of your answer, please answer Question No. 6.*

6.      What amount of damages did each Plaintiff prove for the Defendants' violation of the Robinson-Patman Act?  (Instruction No. 28).

| | |
|---|---|
| AKR | $_____ 25,000 |
| Border Cash & Carry | $_____ 0 |
| Excel Wholesale | $_____ 25,000 |
| L.A. International | $_____ 95,000 |
| L.A. Top Distributor | $_____ 25,000 |
| Manhattan Wholesalers | $_____ 25,000 |
| PITCO | $_____ 30,000 |
| U.S. Wholesale | $_____ 25,000 |
| Value Distributor | $_____ 100,000 |

*Regardless of your answer, please answer Question No. 7.*

## CALIFORNIA UNFAIR PRACTICES ACT CLAIM

7.      Did any Plaintiff prove that the Defendants violated the California Unfair Practices Act?  (Instruction No. 33).

| | | |
|---|---|---|
| L.A. International | _X_ Yes | _____ No |
| L.A. Top Distributor | _X_ Yes | _____ No |
| PITCO | _X_ Yes | _____ No |

| | | | |
|---|---|---|---|
| U.S. Wholesale | __X__ Yes | _____No |
| Value Distributor | __X__ Yes | _____No |

*If your answer to Question No. 7 is "Yes" for any Plaintiff, please answer*
*Question No. 8 as to that Plaintiff only.*

*If your answer to Question No. 7 is "No" for all Plaintiffs, please sign and return*
*this form.*


8.     Did the Defendants prove that the secret rebates were lawful because
they applied to different classes of customers?  (Instruction No. 34).

| | | |
|---|---|---|
| L.A. International | _____ Yes | __X__ No |
| L.A. Top Distributor | _____ Yes | __X__ No |
| PITCO | _____ Yes | __X__ No |
| U.S. Wholesale | _____ Yes | __X__ No |
| Value Distributor | _____ Yes | __X__ No |

*If your answer to Question No. 8 is "Yes" for all Plaintiffs, please sign and return*
*this form.*

*If your answer to Question No. 8 is "No" for any Plaintiff, please answer Question*
*No. 9 as to that Plaintiff only.*


9.     Did the Defendants prove that the secret rebates were lawful because
they were justified by a good-faith attempt to meet competition?  (Instruction Nos.
35–36).

| | | |
|---|---|---|
| L.A. International | _____ Yes | __X__ No |
| L.A. Top Distributor | _____ Yes | __X__ No |
| PITCO | _____ Yes | __X__ No |
| U.S. Wholesale | _____ Yes | __X__ No |
| Value Distributor | _____ Yes | __X__ No |

*Regardless of your answer, please answer Question No. 10.*

**JUDGMENT AFTER TRIAL**

1

2

3       10.     What amount of damages did each Plaintiff prove for the Defendants'

4  violations of the California Unfair Practices Act?  (Instruction Nos. 37–38).  (*You*

5  *should answer this question without regard to any damages that you may have*

6  *awarded in response to Question No. 6.  If necessary, the Court will ensure that no*

7  *double-counting takes place.*)

8        L.A. International                    $                              90,000

9        L.A. Top Distributor                 $                              30,000

10       PITCO                               $                              75,000

11       U.S. Wholesale                     $                               5,000

12       Value Distributor                    $                             130,000

13

14       Following the jury's verdict, on May 20, 2024, the Court made its Findings

15  of Facts and Conclusions of Law on the remaining equitable issues.

16       Now, therefore, pursuant to Rules 54 and 58 of the Federal Rules of Civil

17  Procedure**, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that

18  final judgment in this action be entered as follows:

19       1.     *On Plaintiff L.A. International Corp.'s claim for relief for violation of*

20              *Section 2(a) of the Robinson-Patman Act (15 U.S.C. § 13(a))*:

21              Judgment is entered in favor of Plaintiff L.A. International Corp. and

22              against Defendants in the amount of $95,000.

23       2.     *On Plaintiff Manhattan Wholesalers Inc.'s claim for relief for*

24              *violation of Section 2(a) of the Robinson-Patman Act (15 U.S.C.*

25              *§ 13(a))*: Judgment is entered in favor of Plaintiff Manhattan

26              Wholesalers Inc. and against Defendants in the amount of $25,000.

27       3.     *On Plaintiff Excel Wholesale Distributors Inc.'s claim for relief for*

28              *violation of Section 2(a) of the Robinson-Patman Act (15 U.S.C.*

*§ 13(a))*: Judgment is entered in favor of Plaintiff Excel Wholesale Distributors Inc. and against Defendants in the amount of $25,000.

4. *On Plaintiff Value Distributor, Inc.'s claim for relief for violation of the California Unfair Practices Act (Cal. Bus. & Prof. Code § 17045)*: Judgment is entered in favor of Plaintiff Value Distributor, Inc. and against Defendants in the amount of $130,000.

5. *On Plaintiff Border Cash & Carry, Inc.'s claim for relief for violation of Section 2(a) of the Robinson-Patman Act (15 U.S.C. § 13(a))*: Judgment is entered in favor of Plaintiff Border Cash & Carry, Inc. and against Defendants in the amount of $0.

6. *On Plaintiff AKR Corporation's claim for relief for violation of Section 2(a) of the Robinson-Patman Act (15 U.S.C. § 13(a))*: Judgment is entered in favor of Plaintiff AKR Corporation and against Defendants in the amount of $25,000.

7. *On Plaintiff U.S. Wholesale Outlet & Distribution, Inc.'s claim for relief for violation of Section 2(a) of the Robinson-Patman Act (15 U.S.C. § 13(a))*: Judgment is entered in favor of Plaintiff U.S. Wholesale Outlet & Distribution, Inc. and against Defendants in the amount of $25,000.

8. *On Plaintiff L.A. Top Distributor's claim for relief for violation of the California Unfair Practices Act (Cal. Bus. & Prof. Code § 17045)*: Judgment is entered in favor of Plaintiff L.A. Top Distributor and against Defendants in the amount of $30,000.

9. *On Plaintiff PITCO's claim for relief for violation of the California Unfair Practices Act (Cal. Bus. & Prof. Code § 17045)*: Judgment is entered in favor of Plaintiff PITCO and against Defendants in the amount of $75,000.

10. *On Plaintiffs L.A. International Corp.'s, Manhattan Wholesalers Inc.'s, Excel Wholesale Distributors Inc.'s, Value Distributor, Inc.'s,*

**JUDGMENT AFTER TRIAL**

*AKR Corporation's, U.S. Wholesale Outlet & Distribution, Inc.'s, L.A. Top Distributor's, and PITCO's claims for relief for violation of Section 2(d) of the Robinson-Patman Act (15 U.S.C. § 13(d))*: Judgment is entered in favor of Plaintiffs L.A. International Corp., Manhattan Wholesalers Inc, Excel Wholesale Distributors Inc., Value Distributor, Inc., AKR Corporation, U.S. Wholesale Outlet & Distribution, Inc., L.A. Top Distributor, and PITCO and against Defendants.

11. *On Plaintiff Border Cash & Carry, Inc.'s claim for relief for violation of Section 2(d) of the Robinson-Patman Act (15 U.S.C. § 13(d))*: Judgment is entered in favor of Defendants and against Plaintiff Border Cash & Carry, Inc.

12. *On Plaintiffs L.A. International Corp.'s, Value Distributor, Inc.'s, U.S. Wholesale Outlet & Distribution, Inc.'s, L.A. Top Distributor's, and PITCO's claims for relief for violation of the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17203)*: Judgment is entered in favor of Plaintiffs L.A. International Corp., Value Distributor, Inc., U.S. Wholesale Outlet & Distribution, Inc., L.A. Top Distributor, and PITCO and against Defendants.

13. Defendants shall:

    a. Allow all Plaintiffs (including any successor entities to Plaintiffs) other than Border Cash & Carry to purchase Clear Eyes on the same price terms and conditions on which Defendants sell Clear Eyes to the Costco Business Center division of Costco Wholesale Corporation ("Costco"), including the availability of any discounts, billback, rebates (including rebates such as the "Instant Redeemable Coupons"), or other terms that impact the net price paid by Costco.

9
**JUDGMENT AFTER TRIAL**

b. Allow Plaintiffs (including any successor entities to Plaintiffs) other than Border Cash & Carry to participate, on proportionally equal terms, in all promotional programs and payments that Defendants make available to Costco in connection with the handling, sale, or offering for sale of Clear Eyes (including payments such as the DOW allowance).

c. Allow Plaintiff Border Cash & Carry (including any successor entity) to purchase Clear Eyes on the same price terms and conditions on which Defendants sell Clear Eyes to the Sam's Club division of Walmart, Inc. ("Sam's Club"), including the availability of any discounts, billbacks, rebates, or other terms that impact the net price paid by Sam's Club.

d. For a period of five years from the date of final judgment, Defendants shall semi-annually submit a report to Plaintiffs' counsel (on a "confidential" basis under the terms of the existing protective order) stating the list price Defendants are then-charging to Costco and to Sam's Club for Clear Eyes and the effective date of any increase or decrease in that price, along with an itemization and summary of any discounts, rebates, promotional terms, or other payments that Defendants make to Costco and Sam's Club in conjunction with sales of Clear Eyes. The semi-annual reports shall be signed under oath by an officer of one of the defendant companies.

14. Plaintiffs may seek to recover attorneys' fees and costs as provided by law.

//
//
//

IT IS FURTHER ORDERED that this Court retains jurisdiction over any matter pertaining to this judgment.

Dated: May 28, 2024.

_____
MICHAEL W. FITZGERALD
United States District Judge

**JUDGMENT AFTER TRIAL**