Michael L. Fox (SBN 173355)
Sean Patterson (SBN 234565)
Christine C. Ross (SBN 280646)
**DUANE MORRIS LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001

Robert Kum (SBN 185530)
**DUANE MORRIS LLP**
865 South Figueroa Street, Suite 3100
Los Angeles, CA  90017-5450
Telephone: +1 213 689 7400
Fax: +1 213 689 7401
E-mail:  mlfox@duanemorris.com
         rkum@duanemorris.com
         cspatterson@duanemorris.com
         ccross@duanemorris.com

Attorneys for Defendants
PRESTIGE CONSUMER HEALTHCARE INC.
(fka "Prestige Brands Holdings, Inc.") and
MEDTECH PRODUCTS INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. INTERNATIONAL CORP., MANHATTAN WHOLESALERS INC., EXCEL WHOLESALE DISTRIBUTORS INC., VALUE DISTRIBUTOR, INC., BORDER CASH & CARRY, INC., AKR CORPORATION, U.S. WHOLESALE OUTLET & DISTRIBUTION, INC.; SANOOR, INC. (d/b/a L.A. TOP DISTRIBUTOR); PITTSBURG WHOLESALE GROCERS, INC.; and PACIFIC GROSERVICE, INC.<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>PRESTIGE BRANDS HOLDINGS, INC. and MEDTECH PRODUCTS INC.,<br><br>　　　　　Defendants. | Case No.: 2:18-cv-06809-MWF-MRW<br><br>**DECLARATION OF GRANT D. STIEFEL IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**<br><br>Judge:　　Hon. Michael W. Fitzgerald<br>Courtroom: 5A |

## DECLARATION OF GRANT STIEFEL

I, Grant Stiefel, declare:

1.     My name is Grant Stiefel. I am a consultant and testifying expert in the field of attorneys' fees and a member of the California State Bar, as described in more detail herein. I am the principal and founder of Litigation Limited, a legal fee auditing and consulting firm. I have been retained on behalf of Defendants to provide expert testimony regarding Plaintiffs' Motion for Attorneys' Fees. The conclusions set forth in this declaration are the products of my own analysis, as described below. Unless stated otherwise, I have personal knowledge of the facts stated herein and I am prepared to testify to the information and conclusions set forth herein if called as a witness in this matter.

## BACKGROUND AND QUALIFICATONS AS EXPERT

2.     As one of the only full-time legal fee consultants in the country, I am frequently retained by litigants and law firms to proffer opinion testimony in connection with attorneys' fee disputes and/or fee-shifting motions. Over the past two decades, I have reviewed over $1 billion in law firm billings and have testified as a fee expert in California state and federal courts, in JAMS and AAA arbitrations, in attorney-client fee arbitrations, and before the Court of Appeals for the Ninth Circuit.

3.     I have testified live on numerous occasions as a qualified attorney fee expert in trial courts, arbitrations, and State Bar proceedings. My *curriculum vitae* is attached hereto as **Exhibit A**. I have no financial interest in the outcome of this dispute and counsel's obligation to pay my fees is not contingent in any respect on the substance of my opinions or the ultimate determination of this matter.

4.     ***Attorney Fee Consulting Experience***. For more than a decade, Litigation Limited has assisted corporate clients across the United States and Canada with the review and audit of legal invoices, the selection and management of outside counsel, and the development and implementation of outside counsel

representation and billing guidelines, all with an eye toward managing and reducing overall legal spend. Litigation Limited's consulting clients include publicly traded corporations, financial institutions, and one of the largest universities in North America.

5.    As an attorney fee consultant, I help clients research and evaluate hourly rates, billing techniques, and overall billings by lawyers and law firms in many jurisdictions, from law firms both big (1,000+ lawyers) and small, and across multiple practice areas. I also help clients evaluate the efficiency and litigation strategies of their lawyers and law firms and have assisted legal departments with the implementation and management of complex, multi-jurisdictional litigation portfolios.

6.    ***Attorney Fee Testifying Experience***.  I am frequently retained as an expert witness in connection with state and federal court fee disputes and attorney-client fee arbitrations, and I have testified in more than 140 matters regarding: (i) the reasonableness of legal fees, (ii) the propriety of attorney billing practices, (iii) reasonable hourly rates and reasonable hours billed in the context of a lodestar analysis of damages; and (iv) litigation management issues.

7.    I have submitted expert reports and affidavits in connection with prevailing party fee requests in state and federal courts and testified in confidential attorney-client fee arbitrations. I have also been invited to testify as an expert in lawsuits before the Seoul High Court for the Republic of Korea (the equivalent of the Korean Court of Appeals), where I assisted the High Court in interpreting matters of California law.

8.    The Honorable Michael Paul Lindfield of the Los Angeles Superior Court noted during trial that "Mr. Stiefel's qualifications [as a testifying fee expert] cannot seriously be in dispute." *Hehir v. Kim, et. al.*, Los Angeles County Superior Court (Trial Proceedings, February 14, 2014). Trial courts have called my analysis and opinions to be "well-reasoned" and my conclusions "fair and reasonable."

*Miller v. Desert Community College Dist.*, Case No. PSC1904248 (Riverside County Superior Court, March 3, 2023 Order on Motion for Attorneys' Fees); *Elmy v. Related Management Co.*, Orange County Superior Court Case No. 30-2019-01105181-CU-BT-CJC, 2022 Cal. Super. LEXIS 22337, at *6 (Cal. Sup. Ct. April 4, 2022) ("the Court gives weight to the expert Declaration of Grant D. Stiefel on attorney fee billing").

9.    I believe that trial court judges and arbitrators find my analysis to be methodologically sound, accurate, conservative, reliable, and objective:

> "Mr. Stiefel is one of the foremost experts in the country on hourly rates for attorneys and his expertise and experience is impressive. The Arbitrator gave very careful consideration to his Declaration in that Mr. Stiefel, even though retained by Claimant as an expert, did not appear to the Arbitrator to be biased in his opinions […] his background is impeccable, and he has testified for both Plaintiffs and Defendants, both in supporting and opposing fee applications." [Hon. Eric M. Epstein, *Thomas v. Security Industry Specialists, Inc.*, July 13, 2023 Final Award of Arbitrator, AAA Case No. 01-21-0004-0957].

10.    I work in a highly specialized niche in the legal profession; to my knowledge, there are no more than a handful of full-time attorney fee experts in the United States with knowledge, experience, specialization, and training comparable to mine. Since founding Litigation Limited over a decade ago, I have been asked to audit, review, and opine regarding invoices and billing practices of firms of all sizes, including many of the largest law firms in the world.

11.    Some of the well-known firms who have retained me as a fee expert include Latham & Watkins, Jones Day, Orrick Herrington & Sutcliffe, McDermott Will & Emery, Loeb & Loeb, Wilson Elser, Morrison & Foerster, Fisher Phillips, Sheppard Mullin, Dykema Gossett, Stroock Stroock & Lavan, Buchalter Nemer, Littler Mendelson, Cappello & Noel, Reed Smith, Vedder Price, Snell & Wilmer, Duane Morris, Bird Marella, Holland & Knight, Gordon Rees, and Steptoe & Johnson LLP. I have also been retained as an expert by many plaintiffs' firms, class action firms, defense firms and sole practitioners.

4

12.  I have testified on fee issues for many well-known corporate and institutional clients, including Apple, Citibank, Wells Fargo, FitBit, Bridgestone, Beats by Dre, Verizon, Anthem Blue Cross, Los Angeles World Airports, Los Angeles Unified School District, the County of Los Angeles, and the University of Southern California, among many others. I have also been retained as a fee expert on a number of occasions by the Superior Court of California and have testified on behalf of the Superior Courts for Orange County, Santa Clara County, and Ventura County.

13.  I have testified as a live expert witness in numerous trials and arbitrations, including *SK Law Group v. PMBS*, Los Angeles County Superior Court (trial testimony); *Hehir v. Kim,* Los Angeles County Superior Court (trial testimony); *Brown v. Gilles*, ADR Services Los Angeles (arbitration testimony); *Balle v. Ross,* Nevada State Bar Proceeding (arbitration testimony); *Pintsopoulous v. WestPark Capital, et. al*., FINRA Arbitration (arbitration testimony); *Carone v. Wooley*, Santa Barbara County Bar Association Fee Arbitration (arbitration testimony); *LegalForce v. Papiz*, JAMS Los Angeles (arbitration testimony); *Gateway Bank v. Metaxas*, JAMS San Francisco (arbitration testimony); *Joseph Aleem & Slovak v. Zaffuto*, Los Angeles County Bar Association Fee Arbitration (arbitration testimony); *In re Allyne L. Urick Trust*, Orange County Superior Court (trial testimony); *Cappello & Noel v. Rubin* (arbitration testimony); *Bertoia v. Payton*, Denver County Court (trial testimony); *Enenstein v. Hankey*, Los Angeles County Superior Court (trial testimony), *Thekkek v. Bird Marella*, Los Angeles County Bar Association Fee Arbitration (arbitration testimony), and *Lieberg v. Kanter*, Riverside County Superior Court (trial testimony). I have also testified in more than a hundred other matters as a fee expert via affidavit or declaration and have been deposed dozens of times.

DECL. OF GRANT D. STIEFEL ISO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

14.   Because I use a conservative and consistent court-approved methodology, I am retained as a testifying expert by both plaintiffs and defendants. To my knowledge, I am one of the only fee experts who consistently and successfully testifies for "both sides" because I use the same methodology and data sources regardless of whether I am testifying for a fee-seeking or fee-opposing party. I frequently turn down engagements where I am unable to provide counsel's hoped-for testimony—for instance, if I am asked to discount a fee request that appears reasonable to me, or if I am asked to recommend an unreasonably high hourly rate—and I have even been retained by opposing parties regarding the same litigation.[1] A list of the more than 140 matters I have testified in as a fee expert is attached hereto as **Exhibit B**.

15.   ***Training Clients on Attorney Fee Issues and Litigation Management***. In addition to assisting clients on attorney fee issues and testifying as a fee expert, I have provided continuing legal education seminars on timekeeping, billing, and various litigation management issues, and have provided training to in-house counsel and legal departments on attorney fee issues.

16.   I have been approved by the California State Bar as a continuing legal education instructor on the subject of attorneys' fees (CLE provider number 16342); have lectured on attorney fee issues to CEOs, CFOs, and CIOs; and have provided training to in-house legal departments from a host of well-known corporations, including: Air France, Alcon Labs, Arch Bay Capital, Bank of America, Bank of the West, Bayer, Boy Scouts of America, Campbell Soup, Capital Power, Carlton Hotels, Chubb Insurance, CNA Insurance, ExxonMobil, Fox Broadcasting, New

---

[1] The *Brickman* class action is illustrative. I was first retained by Defendant FitBit to opine regarding the reasonableness of Class Counsel's fee request and then, following approval of the class action settlement and the issuance of an order awarding attorneys' fees, I was retained by Class Counsel (with FitBit's knowledge and consent) in their subsequent dispute with local counsel over allocation of the *Brickman* fees. *Brickman v. FitBit*, Case No. 3:15-cv-2077-JD (N.D. Cal.).

DECL. OF GRANT D. STIEFEL ISO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

York Life, PacificLife, Pfizer, Purdue Pharma, Roche, Schneider Electric, Shell, Southern California Edison, SunTrust Bank, Sylvan Energy, and Wells Fargo. I also have provided CLE training on timekeeping and client billing issues to hundreds of individual lawyers, judges, arbitrators, and law firms.

17. ***Additional Expertise and Publications***. I have been qualified as an attorney-client fee arbitrator with the State Bar of California's Attorney-Client Fee Arbitration Program through (a) the Los Angeles County Bar Association Attorney-Client Mediation and Arbitration Service and (b) the San Fernando Valley Bar Association. I have also completed the Los Angeles County Superior Court's Temporary Judge Training Program. I have published articles in the legal and business media on attorneys' fees, billing practices, litigation management and managing outside counsel relationships, as described in my attached *curriculum vitae*.

18. My opinions and analysis regarding hourly billing issues in the legal profession have been cited in newspapers and government reports, including the New Jersey Office of State Comptroller's *Analysis of Legal Fees Paid by New Jersey Local Governments* (June 25, 2013). I have also attended and participated in numerous seminars, conferences and continuing legal education classes on attorneys' fees and legal billing issues, and I regularly review new court opinions, practice guides and other scholarship in connection with the field of attorneys' fees

19. ***Litigation Experience***. Before leaving private practice to become a full-time attorney fee consultant and auditor, I was a trial lawyer with two of the world's largest law firms. From 2000 through 2004, I was a litigation associate in the Los Angeles office of Akin Gump Strauss Hauer & Feld, where I worked on complex, high-profile disputes including California's structured settlement litigation and several large consumer class actions.

20.   In 2005, I moved with a partner to the Los Angeles office of K&L Gates. Shortly thereafter, I was tasked to head up the firm's Toxic Tort Practice Group for Southern California and was lead counsel on hundreds of personal injury and wrongful death lawsuits with an aggregate settlement value of several billion dollars. Most of this high-value litigation was in the California Superior Court, where I supervised dozens of lawyers, paralegals, and staff.

21.   I was also responsible for overseeing teams of experienced trial lawyers across the country, in both their local jurisdictions and as *pro hac vice* trial counsel. As national coordinating/liaison counsel for multiple Fortune 500 companies, I managed local counsel and regularly reviewed, audited, and analyzed invoices from hundreds of firms. I therefore became familiar with timekeeping and hourly billing practices of lawyers and law firms from virtually every state, and I am perhaps the only testifying fee expert with more than a decade of experience at two global law firms.

22.   ***Trial Experience***. I have extensive first-chair and second-chair trial experience in about two dozen trials and have tried cases to favorable verdict in Los Angeles County Superior Court. My clients (as lead trial counsel and/or counsel of record) included Schneider Electric; Crane Co.; World Wrestling Entertainment; Macquarie Bank; Samsung Electronics America; Calgon Carbon Corporation; Black Entertainment Television; TransUnion; Kia Motors; Samsung Telecommunications America; Thane International; Univar USA; and Ready Pac Produce. I have also represented smaller corporate clients and individuals (as both plaintiff and defendant) in matters that were resolved or dismissed prior to trial.

23.   ***Bar Membership and Court Admissions***.  I am an inactive member in good standing with the California State Bar and was admitted to practice on January 12, 2001. My state bar number is 212307, and I have no history of professional discipline. In addition to all the state courts of California, I have been admitted to the following courts: the United States Court of Appeals for the Ninth Circuit; the

8

DECL. OF GRANT D. STIEFEL ISO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

United States District Court for the Central District of California; the United States District Court for the Eastern District of California; the United States District Court for the Northern District of California; and the United States District Court for the Southern District of California.

24. ***Legal Education***.  I received my *juris doctor* from the University of Southern California School of Law in May 2000, where I was awarded honors or high honors in thirteen (13) subjects. I was also selected to serve as a staff editor on the honors journal, *Southern California Interdisciplinary Law Journal*, and was elected by the student body to serve on the Student Bar Association for all three years, first as Class Representative for the 1L class (1997-98) and then as Vice-President (1998-2000).

25. ***Undergraduate Education***. I graduated from the University of Southern California in May 1994 with a Bachelor of Arts in Psychology and Linguistics, where I was a National Merit Scholar, a USC Presidential Scholarship recipient, and was named to the Dean's List for the College of Letters, Arts, and Sciences.

## MATERIALS REVIEWED AND METHODOLOGY

26.  In the process of preparing this declaration, I took steps to learn more about the underlying litigation and the attorneys claiming an entitlement to fees, as follows:

    a.    I communicated with William Shotzbarger and Michael L. Fox, counsel for Defendants, regarding this matter.

    b.    I accessed and reviewed the California State Bar member database (*http://members.calbar.ca.gov/fal/MemberSearch/QuickSearch*) to confirm the dates of admission to the California bar and current active status for Plaintiffs' lawyers who billed time to the underlying litigation.

    c.    I reviewed the following materials relating to Plaintiffs' Motion for Attorneys' Fees:

DECL. OF GRANT D. STIEFEL ISO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

i)    Plaintiffs' Notice of Motion and Motion for Attorneys' Fees and Costs, filed June 3, 2024, and the supporting Memorandum of Points and Authorities.

ii)    Declarations of Mark Poe and Gerald G. Knapton in support of Defendants' Motion for Attorneys' Fees, filed June 3, 2024, and the evidence and exhibits attached thereto.

d.    I also reviewed the following file materials from the underlying litigation:

i)    Plaintiffs L.A. International Corp., Manhattan Wholesalers Inc., Excel Wholesale Distributors Inc., Value Distributor, Inc., Border Cash & Carry, Inc., AKR Corporation, U.S. Wholesale Outlet & Distribution, Inc., Sanoor, Inc. (d/b/a L.A. Top Distributor), Pittsburg Wholesale Grocers, Inc., and Pacific Groservice, Inc.'s Amended Complaint, filed August 20, 2018.

ii)    Defendants' Answer and Affirmative Defenses to Amended Complaint, filed October 24, 2018.

iii)    Defendants' Notice of Motion and Motion for Summary Judgment and the supporting Memorandum of Points and Authorities, filed September 9, 2019.

iv)    Plaintiffs' Opposition to Prestige's Motion for Summary Judgment, filed September 16, 2019.

v)    Defendants' Reply in support of Motion for Summary Judgment, filed September 23, 2019.

vi)    Plaintiffs' Motion for Partial Summary Judgment, dated September 9, 2019.

vii)    Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment, filed September 16, 2019.

DECL. OF GRANT D. STIEFEL ISO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

viii)  Plaintiffs' Reply in support of Motion for Partial Summary Judgment, dated September 9, 2019.

ix)   October 29, 2019 Court Order on Summary Judgment Motions.

x)    Plaintiffs' Motion for Permanent Injunction, filed January 29, 2024.

xi)   Defendants' Opposition to Plaintiffs' Motion for Permanent Injunction, Filed February 12, 2024.

xii)  Plaintiffs' Reply in support of Motion for Permanent Injunction, filed February 19, 2024.

xiii) May 20, 2024 Findings of Fact and Conclusions of Law.

xiv) Duane Morris Invoice No. 3161417, dated April 26, 2024, to Prestige Consumer Healthcare, Inc. in connection with the underlying litigation.

e.   Finally, I reviewed the surveys, databases and legal fee matrices that are described in more detail in the following paragraphs, all of which are commonly used, cited, and relied upon by experts in this field.

27.  My opinions are informed by case law, but are based upon years of practical, real-world experience and independent research that relate to the issues that I address in this declaration. Having reviewed and audited tens of thousands of invoices from large, midsize, and small law firms in both routine litigation and major, complex disputes since 2006, I have seen just about every variation on the specific attorneys' fee and billing issues described in this declaration. I have reviewed numerous learned treatises on legal fees, hourly billing rates for lawyers and paralegals, attorney fee awards, outside counsel management and best practices for legal billing.

DECL. OF GRANT D. STIEFEL ISO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

28.   It is my customary practice to offer expert opinions which are consistent, wherever possible, with judicial decisions that have addressed similar attorney's fee and billing issues. In my declaration, I generally cite to any federal and state case authorities (both reported and unpublished) and any ethical opinions which I have consulted, considered, or relied upon in forming my own opinions. I do so only so that the Court can understand how these case authorities and ethical opinions fit into my overall reasoning and form a supporting foundation for my opinions, and I am not attempting to offer "legal" opinions that are the provenance of a judge.

29.   My methodology and process for identifying, analyzing, and quantifying flawed billing practices (including block-billing, duplication of effort, excessive conferencing, excessive redaction, and vague/formulaic billing) have been approved and adopted by state and federal trial courts. *See, e.g.*, *Courthouse News Service v. Planet*, Case No. CV 11-08083 SJO (FFMx), October 17, 2016 Order on Attorneys' Fees (C.D. Cal.) ("*Planet*") (court approved and adopted Declarant's analysis of vague, heavily redacted, and block-billed entries and reduced award by $894,872.01); *MMM Holdings v. Reich*, Case No. 30-2015-00822123-CU-BT-CJC, August 14, 2018 Order on Attorneys' Fees (Cal. Sup. Ct.) ("*MMM Holdings*") (Declarant's expert testimony showed that the fee request was block-billed, overly redacted, padded with excessive attorney conferencing, and improperly staffed, leading the trial court to cut the statutory fee award by more than 75 percent); *Godwin v. World Healing Center Church, Inc.*, Case No. 8:21-cv-00555-JLS-DFM, October 20, 2021 Order Granting In Part Plaintiff's Motion for Attorney Fees (Declarant's analysis showed that the fee request was padded with excessive attorney conferencing and duplicative work, leading court to cut fee request by 84 percent).

30.   Numerous trial courts have approved my analysis and recommendations regarding reasonable hourly rates and reasonable fee awards, using the same methodology and data sources referenced and used in this declaration. *See, e.g.,*

12

*Miller v. Desert Community College District*, Riverside County Superior Court Case No. PSC1904248, April 3, 2023 Order on Motion for Attorneys' Fees (adopting Stiefel's recommended hourly rates, noting that "***the Stiefel declaration and recommendation is well reasoned***" and that Stiefel's recommended rates are "fair and reasonable"); *Elmy v. Related Management Co.*, Orange County Superior Court Case No. 30-2019-01105181-CU-BT-CJC, April 4, 2022, Minute Order ("***the Court gives weight to the expert Declaration of Grant D. Stiefel on attorney fee billing***"); *Association of Independent Judicial Interpreters of California v. Sup. Ct. (Orange County)*, Orange County Superior Court Case No. 30-2018-01024591-CU-JR-CJC, August 11, 2020 Order on Motion for Attorney's Fees (trial court "***relied on a declaration from Stiefel***" in rejecting counsel's above-market rates and awarded a "***reasonable rate… as reflected by the 2018 Real Rate Report***" as recommended by Declarant); *Vides v. ABM Janitorial Services, Inc.*, Los Angeles Superior Court Case No. BC487930, March 25, 2016 Order on Plaintiff's Motion for Statutory Attorney Fees ("***the court agrees with Defendant's expert Mr. Stiefel*** [and] ***the court finds Mr. Stiefel's declaration persuasive as to the rates charged by comparable attorneys in Los Angeles***"); *Smith v. Related Management Co., L.P.*, Los Angeles County Superior Court Case No. 20STCV10686, October 31, 2022 Ruling on Plaintiffs' Motion for Attorneys' Fees (adopting Stiefel's recommended rates); *Nava vs. Related Management Company, L.P.*, Orange County Superior Court Case No. 30-2019-01096579-CU-BT-CJC, May 9, 2022 Minute Order (adopting Stiefel's recommended rates); *Melendez v. Los Angeles Unified School District*, Los Angeles Superior Court Case No. BC635349 (same); *Riskin v. Larchmont Village Property Owners Ass'n.*, Los Angeles Superior Court Case No. BS172934, November 21, 2019 Order on Motion for Attorneys' Fees (adopting Stiefel's proposed hourly rates based on Real Rate Report data); *Urban Pacific Construction, Inc. v. Samax Development, LLC*, Los Angeles Superior Court Case No. EC051593, July 15, 2014 Order Granting Motion to Declare Prevailing Parties and to Award Attorneys' Fees

(same); *Friends of the Hastain Trail v. Coldwater Development LLC*, Los Angeles Superior Court Case No. BC469573 (August 30, 2013 Order on Motion for Attorneys' Fees) (same).

31.   My hourly rate analysis and recommendations have also been cited, approved, and adopted by arbitrators and administrative law judges. *See, e.g., Ancheta v. Verizon Wireless*, JAMS Arbitration Case No. 1110016197 (September 29, 2015 Final Arbitration Award) (adopting Stiefel's recommended hourly rates in TCPA litigation); *Formosa v. King's Seafood Co., Inc*., AAA Case No. 01-21-0004-4381 (March 17, 2022 Memorandum and Order on Motion for Attorneys' Fees and Costs) (adopting Stiefel's recommended hourly rates in PAGA litigation).

32.  I have not been provided with or reviewed the entire case file because an in-depth review of every pleading or document was not required to complete my analysis or render the conclusions and opinions expressed herein. *See, e.g., Godwin v. World Healing Center Church, Inc.*, Case No. 8:21-cv-00555-JLS-DFM, October 20, 2021 Order Granting In Part Plaintiff's Motion for Attorney Fees (overruling objections to Declarant's testimony and fee analysis because "Stiefel does not need knowledge of the underlying case to opine on counsel's billing statements; he need only have reviewed those statements and employed an appropriate and reliable methodology… The Court has reviewed Stiefel's work and finds no indicia of unreliability and takes no issue with Stiefel's methodology…").

33.  I am mindful that this trial court, of course, has the ultimate discretion in determining the reasonableness of a fee request and subsequent award, and I do not intend to usurp the authority or opinion of the Court. My analysis is based upon court-approved methodologies that are widely employed by fee auditors and experts in my field. I believe that the Court may find this information useful in evaluating the reasonableness of Plaintiffs' motion for attorneys' fees.

DECL. OF GRANT D. STIEFEL ISO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

**HOURLY RATE ANALYSIS**

34.   My review of Plaintiffs' fee motion and the supporting declarations of counsel did not reveal any evidence of the hourly rates that Gaw|Poe typically charges clients for work. According to the firm's website, the firm handles "both companies and individuals… and are equally comfortable handling plaintiff or defense-side work, so it is reasonable to assume that the firm presumably represents defense clients on an hourly basis. According to the Gaw|Poe website, the firm consists of four partners, all of whom billed time to this matter, and all of whom claim billable rates in excess of $1,000 per hour.

35.   In his declaration, Mr. Poe testifies that "In recent years, three different courts have determined that a touchstone for the "reasonable rate" for work performed by Gaw|Poe attorneys is the "third-quartile partner" rate for general litigation matters that is reported in the Real Rate Report." [Poe Declaration, at ¶ 7]. I frequently use the Real Rate Report in my analysis of reasonable hourly rates, and have attached the relevant pages of the 2023 Real Rate Report as **Exhibit C** hereto.

36.   Considering their experience and qualifications, not to mention the results they obtained in this matter, I do not dispute counsel's classification as "third quartile" lawyers. I merely question whether they are entitled to hourly rates that are equal to or higher than those charged by the world's largest law firms for transactional (i.e., non-litigation) work.

37.   According to Plaintiffs' fee expert Gerald Knapton, "the rates paid for antitrust ***litigation*** work in Los Angeles are shown at Exhibit 3's page 99 of the 2023 Real Rate Report" which reports rates for the "Corporate: Other" practice area. [Knapton Declaration, at ¶ 71]. However, the cited rates on page 99 of the Real Rate Report also reflect rate data for ***transactional*** attorneys from global law firms, and not just for third quartile litigators from small firms like Gaw|Poe.

38.   The same section of the Real Rate Report shows that hourly rates for litigators in the "Corporate: Other" practice area are substantially lower than for

15

non-litigators (i.e., transactional attorneys). For instance, a "third quartile" partner with fewer than 21 years' experience has an expected rate of **$934/hour**, versus a **$1,123/hour** rate for a non-litigator in the same practice area, which is a difference of ***$189 per hour***. For third quartile partners with more than 21 years' experience, the expected rate for a "Corporate: Other" litigation partner is **$995/hour**, versus an expected rate of **$1,271/hour** for a transactional partner. [Real Rate Report, at p. 102]. This is a difference of ***$276 per hour***.

39.   The following excerpt from page 102 of the Real Rate Report shows that hourly rates in this practice area are significantly lower for litigators in the "Corporate: Other" category versus transactional (non-litigation) attorneys:

## Section II: Practice Area Analysis

**Corporate: Other**
By Matter Type and YOE

**2023 - Real Rates for Partner**                                                                                    **Trend Analysis - Mean**

| Years of Experience | Matter Type | n | First Quartile | Median | Third Quartile | 2023 | 2022 | 2021 |
|---|---|---|---|---|---|---|---|---|
| **Fewer Than 21 Years** | Litigation | 193 | $471 | $690 | $934 | $731 | $737 | $701 |
| | Non-Litigation | 312 | $525 | $781 | $1,123 | $872 | $833 | $786 |
| **21 or More Years** | Litigation | 370 | $534 | $780 | $995 | $828 | $821 | $800 |
| | Non-Litigation | 645 | $600 | $922 | $1,271 | $976 | $952 | $883 |

40.   The Real Rate Report's third quartile rates for litigators in the "Corprate: Other" category closely track the hourly rates that the Gaw|Poe lawyers have been awarded in recent federal court litigation. For instance, in *In re Outlaw Labs., L.P. Litig., Case No.***,** 18-cv-840-GPC-BGS (S.D. Cal. 2023), the district court approved rates of $966 per hour for Attorneys Poe and Gaw, and $855 per hour for Attorneys Song and Vigo.

41.   Interestingly, neither Mr. Poe nor Mr. Knapton make any reference to Gaw|Poe's most recent fee award, an April 2024 order from the Northern District of California where the district court approved a billable rate of $**1,000 per hour** for Mr. Poe in a patent litigation dispute. *See Silicon Genesis Corp. v. Ev Grp. E. Thallner Gmbh*, Case No. 22-cv-04986-JSC, at *2-3 (N.D. Cal. April 15, 2024).[2] Mr. Poe's rate in *Silicon Genesis*, which was decided only two months ago, was $314 per hour *less* than the rate he seeks in this litigation, a difference of *31 percent*.

42.   It is important to note that rates charged by the world's largest law firms are not necessarily the measure of what constitutes a reasonable rate for a four-lawyer boutique law firm, even if those lawyers once worked at a global firm. With no disrespect to Plaintiffs' counsel, who have impressive credentials, it is my experience that boutique firms comprised of Big Law "refugees" cannot and do not charge the same rates as their former firms. The cost structures and overhead of a 2,000-lawyer firm with offices on multiple continents are simply not comparable to a small firm with one office, no matter how qualified and experienced the lawyers at those small firms may be. There would be little incentive for clients to pay the same (or higher) rates for a much smaller firm that lack the resources, experience, and capacity of a global law firm that literally never sleeps.

43.   The Real Rate Report data confirms that small firm rates—even for "third quartile" lawyers—are generally much lower than the rates charged by comparable attorneys at larger firms. For instance, the 2023 Real Rate Report third quartile rate for small firm litigation partners (i.e., from firms with 1-50 lawyers) in the "Corporate: Other" practice area was **$600 per hour**. The third quartile rate for a small-firm associate litigator was **$375 per hour**. [Real Rate Report, at p. 104]. This stands in marked contrast to the rates charged by large firms of up to 1,000

---

[2] A true and correct copy of this order is attached hereto as **<u>Exhibit D</u>**.

DECL. OF GRANT D. STIEFEL ISO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

lawyers, where the third quartile rates are $1,160/hour for partners and $730/hour for associates. *See id.* The following excerpts from page 104 of the 2023 Real Rate Report show that firm size is the largest factor in rate differences among third quartile litigators in the "Corporate: Other" category.

## Section II: Practice Area Analysis

**Corporate: Other**
By Firm Size and Matter Type

**2023 - Real Rates for Associate and Partner**                    **Trend Analysis - Mean**

| Firm Size | Matter Type | Role | n | First Quartile | Median | Third Quartile | 2023 | 2022 | 2021 |
|---|---|---|---|---|---|---|---|---|---|
| 50 Lawyers or Fewer | Litigation | Partner | 94 | $356 | $455 | $600 | $493 | $484 | $458 |
| | | Associate | 53 | $250 | $300 | $375 | $342 | $328 | $283 |
| | Non-Litigation | Partner | 135 | $350 | $450 | $578 | $474 | $454 | $431 |
| | | Associate | 77 | $225 | $300 | $350 | $318 | $311 | $280 |
| 501–1,000 Lawyers | Litigation | Partner | 208 | $695 | $932 | $1,160 | $943 | $935 | $915 |
| | | Associate | 214 | $437 | $623 | $730 | $604 | $621 | $609 |
| | Non-Litigation | Partner | 363 | $728 | $1,023 | $1,515 | $1,136 | $1,095 | $1,005 |
| | | Associate | 354 | $589 | $730 | $940 | $775 | $730 | $669 |

44.    Considering the foregoing, it is my opinion that a rate of **$1,050 per hour** is reasonable for Attorneys Poe and Gaw in this litigation. This recommended rate is at least $50/hour higher than any rate these lawyers have previously been awarded, and six percent higher than the third quartile rate for senior litigation partners in the 2023 Real Rate Report's "Corporate: Other" practice area ($995/hour).[3] This rate is also *75 percent higher* than the third quartile rate ($600)

---

[3] Thus, my analysis takes into consideration Mr. Knapton's "6% positive adjustment to the 2023 Real Rate Report rates" to reflect current market rates for 2024. [Knapton Declaration, at ¶61].

DECL. OF GRANT D. STIEFEL ISO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

for small firm litigators in this practice area. Finally, this recommended rate is **41 percent higher** than the highest hourly rate ($745/hr) charged by Defendants' lead attorney Michael L. Fox in the underlying litigation.

45.   For Attorneys Song, Vigo, and Meng, I recommend a rate of **$950 per hour**. This is $16 per hour higher than the third-quartile rate for litigation partners with less than 21 years' experience ($934/hour) and ten percent higher than any rate that these lawyers have previously been awarded.

46.   Using these adjusted hourly rates, without any further discounts or reduction to the lodestar hours, results in a maximum fee award of $3,158,510, as illustrated by the following chart:

| PARTNER | HOURS | ADJUSTED PARTNER RATE | FEE (HOURS X ADJUSTED PARTNER RATE) |
|---|---|---|---|
| Gaw, Randolph | 618.2 | $1,050.00 | $649,110.00 |
| Poe, Mark | 1,302.2 | $1,050.00 | $1,367,310.00 |
| Song, Samuel | 1,165.0 | $950.00 | $1,106,750.00 |
| Meng, Victor | 5.8 | $950.00 | $5,510.00 |
| Vigo, Flora | 31.4 | $950.00 | $29,830.00 |
| | **3,122.6** | | **$3,158,510.00** |

## TOP HEAVY STAFFING

47.   In addition to the recommended adjustment to the requested hourly rates, it is my opinion that a reasonable fee award should account for counsel's failure to assign any work to associate lawyers or paralegals.

48.   In terms of staffing and distribution of billable work, Plaintiffs' fee motion is the most "top heavy" that I have ever encountered. Out of the 3,122.6 hours recorded by Plaintiff's counsel, 3,122.6 of those hours—**100 percent of all work billed**—was recorded by partners, all with a claimed rate of more than $1,000 per hour. No associates or paralegals billed **any** time on this case. I have never seen anything like this.

49.   I am aware—from my own experience as a trial lawyer at two of the world's largest law firms and, for more than a decade, as an attorney fee consultant and testifying fee expert on large lawsuits and class actions—that where a firm's rates are near the top of the market, it is unusual for the number of partner hours to be significantly greater than associate hours. *See, e.g., Hernandez v. Grullense*, 2014 WL 1724356, at *11 (N.D. Cal. Apr. 30, 2014) ("The trade-off for the higher billing rate that greater experience and specialized knowledge justifies is that more senior attorneys are expected to delegate routine tasks to others with lower billing rates.")

50.   In most litigation, a typical distribution of work should be like a pyramid, with partners handling high-level strategy and tasks, while supervising associates (with lower billing rates) to handle most of the day-to-day work, like discovery, research, and drafting motions. Yet there were no associate lawyers on this case. This led to an extraordinarily high average billable rate of ***$1,193 per hour***.[4] This is the highest average billing rate I have seen for any litigation. With their requested multiplier of 2.0, Plaintiffs seek an average billable rate of ***$2,387 per hour***.

51.   This illustrates why hourly rates at small firms or for sole practitioners are typically much lower than at Big Law firms, even if those small firm lawyers come from a large firm backgrounds In my experience, at any large firm where a partner bills out at, say, $1,315 per hour—the rate claimed by Messrs. Gaw and Poe—much of the billable work would be assigned to associate lawyers or paralegals with much lower rates. That did not happen here. Every task was billed by a partner with a claimed billable rate of $1,001/hour or $1,314/hour. This is not normal, and it is not reasonable.

---

[4] I calculated the average hourly rate by dividing the total fees claimed ($3,726,807.80) by the total hours billed (3,122.6).

DECL. OF GRANT D. STIEFEL ISO DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

52.   For a firm claiming rates near the top of market, I would typically expect to find that around half of the time billed was by associates or paralegals, at a significantly lower hourly rate, and for a lesser overall fee.

53.   In cases where courts have discounted a fee request to correct for top-heavy staffing, some judges have awarded a lower partner rate overall, while others have reallocated some number of partner hours at an associate rate. *See, e.g., In re Fine Paper Antitrust Litigation*, 751 F.2d 562, 593 (3d Cir. 1984) ("the court concluded that over 5,000 hours of partner time was spent on tasks which should have been assigned to associates"); *Run Guo Zhang v. Lin Kumo Japanese Restaurant Inc.*, No. 13cv6667 (PAE), 2015 WL 5122530, at *3 (S.D.N.Y. Aug. 31, 2015) (reducing partner rate where, in addition to charging an unreasonably high rate, the partner also engaged in a substantial amount of associate-level work); *H.B. Auto. Grp., Inc. v. Kia Motors Am., Inc.*, 13cv4441 (VEC)(DF), at *17 (S.D.N.Y. July 25, 2018) (court reduced partner's hourly rate where partner engaged in a number of tasks typically performed by associates).

54.   In other cases, trial court have imposed an across-the-board reduction of the lodestar amount to account for top heavy billing. *See, e.g., Gold v. NCO Financial Systems, Inc.*, No. 09cv1646-LAB (CAB), at *7 n.5 (S.D. Cal. Aug. 20, 2010); *Bridgeport Music, Inc. v. WB Music Corp.*, 520 F.3d 588, 596 (6th Cir. 2008) (affirming the district court's decision to reduce the lodestar amount by 25% "to account for top-heavy billing by partners for work that could have been performed by associates"); *see also Liang v. AWG Remarketing, Inc.*, No. 2:14-cv-00099, 2016 WL 428294, at *15–16 (S.D. Ohio Feb. 4, 2016) (in a case where 82% of time was billed by partners, the court reduced the lodestar "to account for the top-heavy billing reflected in the invoices").

DECL. OF GRANT D. STIEFEL ISO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

55.   Considering the foregoing, I recommend that 50 percent of the time billed by the partners in this case (1,561.3 hours) be reallocated at an associate rate. According to the Real Rate Report, the 2023 third quartile rate for a "Corporate: Other" litigation associate with 7 or more years' experience was ***$686 per hour***. [Real Rate Report, at p. 103]. For the purposes of this calculation, I have used an associate rate of $725 per hour, which is 6 percent higher than the Real Rate Report third quartile senior associate rate.

56.   The following chart shows a recommended reallocation of 1,651.3 hours of $1,000+ per hour partner time to a senior associate rate of $725 per hour:

| PARTNER | HOURS | ADJUSTED PARTNER RATE | HOURS @ PARTNER RATE | PARTNER FEES | SUGGESTED ASSOCIATE RATE | HOURS @ ASSOCIATE RATE | ASSOCIATE FEES | TOTAL ADJUSTED FEES |
|---|---|---|---|---|---|---|---|---|
| Gaw, Randolph | 618.2 | $1,050.00 | 309.1 | $324,555.00 | $725.00 | 309.1 | $224,097.50 | $548,652.50 |
| Poe, Mark | 1,302.2 | $1,050.00 | 651.1 | $683,655.00 | $725.00 | 651.1 | $472,047.50 | $1,155,702.50 |
| Song, Samuel | 1,165.0 | $950.00 | 582.5 | $553,375.00 | $725.00 | 582.5 | $422,312.50 | $975,687.50 |
| Meng, Victor | 5.8 | $950.00 | 2.9 | $2,755.00 | $725.00 | 2.9 | $2,102.50 | $4,857.50 |
| Vigo, Flora | 31.4 | $950.00 | 15.7 | $14,915.00 | $725.00 | 15.7 | $11,382.50 | $26,297.50 |
| | 3,122.6 | | | $1,579,255.00 | | | $1,131,942.50 | $2,711,197.50 |

57.   From left to right, the columns in this chart show: (1) the name of each Poe|Gaw partner; (2) the total hours billed per timekeeper; (3) the adjusted partner rate (*paragraphs X-X, supra*); (4) 50% of the total hours billed (*to be credited at the adjusted partner rate*); (5) fees calculated the adjusted partner rate (*column 3 times column 4*); (6) the suggested senior associate rate *($725 per hour)*; (7) 50% the total hours billed (*to be credited at the suggested associate rate*); (8) fee calculated at the suggested associate rate; (9) the total adjusted fee (*column 5 plus column 8*).

58.   After applying the recommended rate adjustments, the maximum recommended fee award is **$2,711,197.50**.

59.   The foregoing analysis is not intended to reflect the exclusive grounds for deductions from Plaintiffs' fee request, and I have not been asked to proffer an opinion as to whether Plaintiffs are entitled to recover some or all their claimed attorneys' fees as a matter of law.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 17th day of June, 2024, at Denver, Colorado.


_____
GRANT D. STIEFEL

DECL. OF GRANT D. STIEFEL ISO DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

# EXHIBIT  A

# GRANT STIEFEL, ESQ.

## ATTORNEY FEE CONSULTANT

 424.223.8252

 grant@litigationlimited.com

 grantstiefel.com

 Los Angeles CA | Denver CO

## EDUCATION

### UNIVERSITY OF SOUTHERN CALIFORNIA SCHOOL OF LAW
J.D. 2000

*Highest Honors*: Law, Language & Ethics; Copyright Law; Constitutional Law II

*Honors*: Constitutional Law, Professional Responsibility, Real Estate Transactions, Business Organizations, Criminal Law, Pre-Trial Advocacy; Taxation; Corporate Crime Seminar; Directed Research; Dissertation

*Honors Journal*: Staff Editor, *Southern California Interdisciplinary Law Journal*

*Elected by Student Body*: Vice-President, Student Bar Association (1998-2000), Class Representative (1997-98)

### UNIVERSITY OF SOUTHERN CALIFORNIA
Psychology & Linguistics
B.A. 1994

*Honors*: Presidential Scholar (1990-94), National Merit Scholar (1990-94), Dean's List (1990-1994)

## PROFESSIONAL EXPERIENCE

### LITIGATION LIMITED
Los Angeles, California and Denver, Colorado (2012-Present)

**Grant Stiefel, Esq**. is an attorney fee consultant, testifying expert and the principal of Litigation Limited, a boutique legal auditing firm. Mr. Stiefel has assisted clients and courts nationwide by providing expert trial testimony on legal fee issues, including the reasonableness of legal fees:

- Mr. Stiefel has qualified and testified as a legal fee expert in **over 140 lawsuits**, including disputes in federal and state courts, arbitrations, State Bar courts, and attorney-client fee arbitrations

- His methodology for reviewing, auditing and evaluating legal invoices has been **cited, approved and adopted by state and federal courts**

- Mr. Stiefel is a member of the California State Bar and is unique among fee experts in that he was a trial attorney for more than a decade at two of the world's largest law firms

- Because he uses **consistent, court-approved methodologies**, Mr. Stiefel is able to effectively testify on behalf of fee-seeking or fee-opposing parties

As an independent fee auditor and consultant, Grant Stiefel also assists corporate clients with the review and management of law firms and fees:

- Mr. Stiefel advises clients on the selection and management of counsel for complex, multi-jurisdictional litigation and has audited hundreds of millions of dollars in legal fees

- He helps clients develop and implement outside counsel guidelines and internal auditing procedures

- Mr. Stiefel is a California State Bar-approved continuing legal education instructor on attorneys' fees issues who has trained hundreds of executives and in-house lawyers on legal fee issues

# GRANT STIEFEL, ESQ.

## ATTORNEY FEE CONSULTANT

## BAR ADMISSIONS

State of California (*inactive*)

Ninth Circuit Court of Appeals

Northern District of California

Southern District of California

Eastern District of California

Central District of California

## PROFESSIONAL AFFILIATIONS & CERTIFICATIONS

National Association of Legal Fee Analysts

Claims and Litigation Management Alliance

Professional Liability Committee
Audit Committee

California State Bar Attorney-Client Fee Arbitrator

Los Angeles County Bar Assn.
San Fernando Valley Bar Assn.

A.M. Best Certified Attorney Fee Practice Group

California State Bar Certified CLE Provider

Provider No. 16342

## PROFESSIONAL EXPERIENCE [CONTINUED]

### K&L GATES LLP

Los Angeles, California (2004-2012)

Head of Southern California Toxic Tort Defense Practice

Senior Associate / Associate

- Headed the Southern California toxic tort defense practice for the world's fifth-largest law firm

- Counsel of record and lead trial counsel on hundreds of eight-figure personal injury and wrongful death claims

- Supervised and managed a multi-jurisdictional litigation portfolio with an aggregate settlement value of over $3 billion

- Obtained favorable jury verdicts and dismissals as first and second chair trial counsel

- Supervised teams of lawyers and law firms across the nation as coordinating counsel for multi-jurisdictional litigation

- Reviewed millions of dollars in fees and costs on a monthly basis from dozens of law firms and offices

- Trained lawyers, paralegals and staff in ethical billing practices

- Developed custom case management, billing and calendaring systems for Fortune 500 clients

- Successfully argued dozens of motions to dismiss and motions for summary judgment in high-value cases

- Defended multi-state Attorneys General investigation

- Litigated motions for attorneys' fees

- Representative clients (as lead trial counsel/attorney of record) included Schneider Electric, Crane Co., World Wrestling Entertainment, Macquarie Bank, Samsung Electronics America, Calgon Carbon Corporation, Black Entertainment Television and TransUnion

# GRANT STIEFEL, ESQ.

## ATTORNEY FEE CONSULTANT

### REPRESENTATIVE LAW FIRM CLIENTS

Latham & Watkins

Reed Smith

McDermott Will and Emery

Jones Day

Sidley Austin

Dykema Gossett

Orrick Herrington & Sutcliffe

Littler Mendelson

Cappello & Noel

Morrison & Foerster

Buchalter

Stroock Stroock & Lavan

Vedder Price

Duane Morris

Loeb & Loeb

### REPRESENTATIVE CORPORATE CLIENTS

Apple

Citibank NA

Toyota

Transamerica Corporation

Superior Courts of California

AstraZeneca Pharmaceuticals

Verizon Wireless

East West Bank

Wells Fargo

JAKKS Pacific

University of Alberta

Los Angeles Unifed School District

FirBit

Sinclair Broadcasting

University of California

New Hampshire Insurance Co.

Kaiser Health

Beats by Dre

Los Angeles Times

## PROFESSIONAL EXPERIENCE [CONTINUED]

### AKIN GUMP STRAUSS HAUER & FELD, LLP
*Los Angeles, California, 1999-2004*
Associate Attorney

- Defended consumer class actions, unfair competition and antitrust claims, including California's *In re Structured Settlement Litigation*

- Drafted and argued numerous successful summary judgment motions, motions for attorneys' fees, anti-SLAPP motions, discovery motions and motions to dismiss

- Representative clients included Kia Motors, Samsung Telecommunications America, Thane International, Univar USA and Ready Pac Produce

## PUBLICATIONS AND PRESENTATIONS

- "Recent Developments in Block Billing"
  *J.D. Supra* (article)

- "Ten Things You Need to Know About Law Firm Billing"
  (article, live seminars and online presentations)

- "The Client's Guide to Law Firm Billing"
  *HG Experts* (article)

- California State Bar MCLE Presentations on Law Firm Billing
  (live seminars and online presentations)

- "Analysis: John Doe No. 1 v. Patrick Cahill and Julia Cahill"
  *e-Commerce Law Reports*, Volume 5, Issue 6
  (article)

## PERSONAL

Grant Stiefel lives in Colorado with his wife. Before law school, in the days of analog, he was a professional songwriter, producer and musician.

# EXHIBIT B

## **LIST OF PRIOR TESTIMONY**

| CASE NAME | COURT/PANEL | NATURE OF TESTIMONY |
|---|---|---|
| *United National Insurance Company v. Bass Underwriters* | State of Pennsylvania Common Law Arbitration | Expert testimony on behalf of fee-opposing party |
| *Chang & Cote v. WHPM Inc.* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-opposing party |
| *Nouveau v. Disguise* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-seeking party |
| *American Express Bank v. Sobelsohn* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-seeking party |
| *Wong v. HRJ Capital BD* | Superior Court of the State of California for the County of Santa Clara | Expert testimony on behalf of fee-opposing party |
| *SK Law Group v. PMBS* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-opposing party |
| *Tallman v. CPS* | United States District Court for the District of Nevada | Expert testimony on behalf of fee-opposing party |
| *Kwang Kang v. Ha-Yeong Kim* | Honorable Seoul Central District Court (Korea) | Expert testimony regarding California law (in Korean dispute applying CA law) |
| *Garnet Analytics v. Diversified Solutions* | United States District Court for the District of Connecticut | Expert testimony on behalf of fee-opposing party |
| *Rodriguez v. Arter* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-opposing party |

| CASE NAME | COURT/PANEL | NATURE OF TESTIMONY |
|---|---|---|
| *Sheikh v. East West Bank* | United States District Court for the District of Central District of California | Expert testimony on behalf of fee-opposing party |
| *Hunter v. Fisher* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-opposing party |
| *Urban Pacific Construction v. Samax Development* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-seeking party |
| *Kern Water Bank Authority v. Grayson Service* | Superior Court of the State of California for the County of Kern | Expert testimony on behalf of fee-opposing party |
| *Kirk v. First American Title Company* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-seeking party |
| *Cuevas v. Mortgage Capital Partners* | ADR Arbitration (Los Angeles) | Expert testimony on behalf of fee-opposing party |
| *F&F LLC v. East West Bank* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-opposing party |
| *Chavarra v Benihana National Corp.* | United States District Court for the District of California | Expert testimony on behalf of fee-seeking party |
| *Kuba v. Fairclough* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-opposing party |
| *Oliver v. Astrazenca Pharmaceuticals* | United States Court of Appeals for the Ninth Circuit | Expert affidavit on behalf of fee-seeking party |
| *Schweitzer v. Post Advisory Group* | AAA Arbitration (Los Angeles) | Expert testimony on behalf of fee-opposing party |

| CASE NAME | COURT/PANEL | NATURE OF TESTIMONY |
|---|---|---|
| *Kwang Kang v. Sunsa Kim* | Seoul Central District Court (Korea) | Expert testimony regarding California law (in Korean dispute applying CA state law) |
| *Hehir v. Kim* | Superior Court of the State of California for the County of Los Angeles | Expert trial testimony on behalf of fee-opposing party |
| *Balle v. Ross* | State Bar of Nevada Attorney-Client Fee Arbitration | Expert testimony on behalf of fee-opposing party |
| *Gallimore v. Kaiser Foundation Health Plan* | Superior Court of the State of California for the County of Alameda | Expert testimony on behalf of fee-opposing party |
| *Ancheta v. Verizon Wireless* | JAMS Arbitration (San Jose) | Expert testimony on behalf of fee-opposing party |
| *Anhing v. Thuang Phong Company* | United States District Court for the Central District of California | Expert testimony on behalf of fee-seeking party |
| *Jones v. Wells Fargo* | United States District Court for the Central District of California | Expert testimony on behalf of fee-seeking party |
| *Vides v. ABM Janitorial Services* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-opposing party |
| *Flores v. AHMC Monterey Park Hospital* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-opposing party |
| *Investors Warranty of America v. Chicago Title Insurance Company* | Superior Court of the State of California for the County of Orange | Expert testimony on behalf of fee-seeking party |

| CASE NAME | COURT/PANEL | NATURE OF TESTIMONY |
|---|---|---|
| *Gateway Bank v. Metaxas* | Superior Court of the State of California for the County of San Mateo | Expert testimony on behalf of fee-seeking party |
| *Paskenta Band of Nomlaki Indians v. Crosby* | United States District Court for the Eastern District of California | Expert testimony on behalf of fee-seeking party |
| *McLaughlin v. Wells Fargo Bank* | United States District Court for the Northern District of California | Expert testimony on behalf of fee-opposing party |
| *John Russo Industrial Sheetmetal Inc. v. City of Los Angeles Department of Airports et al.* | Superior Court of the State of California for the County of San Mateo | Expert testimony on behalf of fee-opposing and fee-seeking party |
| *Flores v. Brown* | Superior Court of the State of California for the County of Orange | Expert testimony on behalf of fee-seeking party |
| *Blanda v. Martin & Seibert* | United States District Court for the Southern District of West Virginia | Expert testimony on behalf of law firm in whistleblower suit/federal investigation |
| *Natural-Immunogenics v Newport Trial Group* | United States District Court for the Southern District of California | Expert testimony on behalf of fee-opposing party |
| *Buckley v. Penny Mac* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-opposing party |
| *Morton v. First American Title Insurance Company* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-seeking party |
| *Maus v. Tamraz* | Los Angeles County Bar Association Attorney-Client Fee Arbitration | Expert testimony on behalf of fee-opposing party |

| CASE NAME | COURT/PANEL | NATURE OF TESTIMONY |
|---|---|---|
| *Dignity Health v. LA Care Health Plan* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-opposing party |
| *Civic Financial Services v. Torres* | Superior Court of the State of California for the County of Orange | Expert testimony on behalf of fee-opposing party |
| *Precision Industrial v. New Hampshire Insurance Company* | United States District Court for the Western District of Washington | Expert testimony on behalf of fee-opposing party |
| *Jibe Audio v. Iovine* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-opposing party |
| *Brown v. Gilles* | ADR Arbitration (Los Angeles) | Expert testimony on behalf of fee-opposing party |
| *JFK Memorial Hospital v. Access Nurses* | Superior Court of the State of California for the County of Riverside | Expert testimony on behalf of fee-seeking party |
| *MMM Holdings v. Reich* | Superior Court of the State of California for the County of Orange | Expert testimony on behalf of fee-opposing party |
| *Carone v. Wooley* | Santa Barbara County Bar Association Mandatory Fee Arbitration | Expert testimony on behalf of fee-opposing party |
| *Morales v. Bridgestone* | Superior Court of the State of California for the County of Orange | Expert testimony on behalf of fee-opposing party |
| *Brickman v. FitBit* | United States District Court for the Northern District of California | Expert testimony on behalf of fee-opposing party |
| *LegalForce v. Papiz* | JAMS Arbitration (Los Angeles) | Expert trial testimony on behalf of fee-opposing party |

| CASE NAME | COURT/PANEL | NATURE OF TESTIMONY |
|---|---|---|
| *Lombardi v. Lombardi* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-opposing party |
| *Navarro v. Hudson* | Superior Court of the State of California for the County of Riverside | Expert testimony on behalf of fee-opposing party |
| *Melendez v. Los Angeles Unified School District* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-seeking party |
| *Department of Fair Employment & Housing v. M&N Financing Corp.* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-opposing party |
| *Mills v. Melone* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-seeking party |
| *In re Estate of Thomas* | Superior Court of the State of California for the County of Orange | Expert testimony on behalf of fee-opposing party |
| *LegalForce v. LegalZoom* | AAA Arbitration (San Francisco) | Expert testimony on behalf of fee-opposing party |
| *Riskin v. Larchmont Property Association* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-seeking party |
| *Correia v. Peak Campus California* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-seeking party |
| *Pintsopoulos vs. WestPark Capital Inc.* | FINRA Arbitration (Florida) | Expert trial testimony on behalf of fee-opposing party |
| *Coffee+Food LLC v. Leonian* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-seeking party |

| CASE NAME | COURT/PANEL | NATURE OF TESTIMONY |
|---|---|---|
| *Aetna v. KCC Class Action Services* | United States District Court for the Central District of California | Expert testimony on behalf of fee-opposing party |
| *Canizales v. The Pep Boys - Manny Moe & Jack of California* | AAA Arbitration (Los Angeles) | Expert testimony on behalf of fee-seeking party |
| *Casillas v. Workforce Solutions* | United States District Court for the Central District of California | Expert testimony on behalf of fee-opposing party |
| *Association of Independent Judicial Interpreters of California v. Superior Court of California for Orange County* | United States District Court for the Central District of California | Expert testimony on behalf of fee-opposing party |
| *Chavez v. Lifetech Resources* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-seeking party |
| *Skylight Advisors v. Zephyr Investment* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-opposing party |
| *Woodall v. Woodall* | Superior Court of the State of California for the County of Orange | Expert testimony on behalf of fee-opposing party |
| *Taggares v. Burrows* | JAMS Arbitration (Los Angeles) | Expert testimony on behalf of fee-opposing party |
| *Joseph Aleem & Slovak v. Zaffuto* | Los Angeles County Bar Association Mandatory Fee Arbitration | Expert trial testimony on behalf of fee-seeking party |
| *Blum Collins v. Sasson* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-opposing party |

| CASE NAME | COURT/PANEL | NATURE OF TESTIMONY |
|---|---|---|
| *Edwards v. RMO* | Los Angeles County Bar Association Mandatory Fee Arbitration | Expert testimony on behalf of fee-seeking party |
| *In re Williams Family Trust* | Superior Court of the State of California for the County of Orange | Expert testimony on behalf of fee-seeking party |
| *Air Combat USA v. O'Reilly* | Superior Court of the State of California for the County of Orange | Expert testimony on behalf of fee-seeking party |
| *North American Title Insurance Company v. Napean Capital Group* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-seeking party |
| *Fernandez v. Arm & J* | ADR Arbitration (Los Angeles) | Expert testimony on behalf of fee-seeking party |
| *In re Allyne L. Urick Trust* | Superior Court of the State of California for the County of Orange | Expert trial testimony on behalf of fee-seeking party |
| *Kithas v. Dworken & Bernstein* | AAA Arbitration (Ohio) | Expert trial testimony on behalf of fee-seeking party |
| *Lieberg v. Kanter* | Superior Court of the State of California for the County of Riverside | Expert testimony on behalf of fee-seeking party |
| *Rueda v. Pacquiao* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-opposing party |
| *Colliers v. Mattress Firm* | United States District Court for the Northern District of Georgia | Expert testimony on behalf of fee-opposing party |
| *Simerly v. Children's Hospital of Los Angeles* | Signature Resolution Arbitration (Los Angeles) | Expert testimony on behalf of fee-opposing party |

| CASE NAME | COURT/PANEL | NATURE OF TESTIMONY |
|---|---|---|
| *In re Mark Hughes Family Trust* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-opposing party |
| *Anabi Oil Corp. v. IFuel* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-seeking party |
| *Gerardi v. Redlands Ford* | AAA Arbitration (Los Angeles) | Expert testimony on behalf of fee-opposing party |
| *HK v. United Teachers Los Angeles* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-opposing party |
| *Formosa v. King's Seafood* | AAA Arbitration (Los Angeles) | Expert testimony on behalf of fee-opposing party |
| *In re Cahill* | Texas District Court 451st Judicial District (Kendall County, Texas) | Expert testimony on behalf of fee-opposing party |
| *Lloyds Underwriters v. Zillow* | Superior Court of the State of California for the County of San Francisco | Expert testimony on behalf of fee-seeking party |
| *Scofield v. Superior Court of California for the County of Santa Clara* | Superior Court of the State of California for the County of Santa Clara | Expert testimony on behalf of fee-opposing party |
| *Winter v. El Camino Community College* | State of California Public Employment Relations Board | Expert testimony on behalf of fee-opposing party |
| *Bond v. QVC* | Signature Resolution Arbitration (Los Angeles) | Expert testimony on behalf of fee-seeking party |
| *Elmy v. Related Management* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-opposing party |

| CASE NAME | COURT/PANEL | NATURE OF TESTIMONY |
|---|---|---|
| *Griffith v. Related Management* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-opposing party |
| *Mendes v. Stonermor* | JAMS Arbitration (San Francisco) | Expert testimony on behalf of fee-opposing party |
| *Nava v. Related Management* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-opposing party |
| *Simers v. Los Angeles Times* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-opposing party |
| *Gardner v Abode Communities* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-opposing party |
| *Carter v Abode Communities* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-opposing party |
| *Government Accountability & Oversight v Regents of the University of California* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-opposing party |
| *Drakeford v. Capital Benefit* | United States District Court for the Northern District of California | Expert testimony on behalf of fee-opposing party |
| *Glaser Weil v. Bulochnikov* | JAMS Arbitration (Los Angeles) | Expert deposition testimony on behalf of fee-opposing party |
| *Sammis v. Bridgestone* | AAA Arbitration (Los Angeles) | Expert testimony on behalf of fee-opposing party |

| CASE NAME | COURT/PANEL | NATURE OF TESTIMONY |
|---|---|---|
| *Cappello & Noel v. Rubin* | JAMS Arbitration (Los Angeles) | Expert deposition testimony on behalf of fee-seeking party |
| *Martin v. Toyota Motor Credit Corp.* | United States District Court for the Central District of California | Expert testimony on behalf of fee-opposing party |
| *Smith v. Abode* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-opposing party |
| *Reyes v. Dunbar Armored* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-seeking party |
| *Save Mount Diablo v. City of Pittsburg* | Superior Court of the State of California for the County of Contra Costa | Expert testimony on behalf of fee-opposing party |
| *Doe v. Commission on Professional Competence* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-opposing party |
| *Woods v. Related Management Company* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-opposing party |
| *Pappas v. State Coastal Conservatory* | Superior Court of the State of California for the County of Santa Barbara | Expert testimony on behalf of fee-opposing party |
| *Doe v. Torrance Unified School District* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-opposing party |
| *Nevis Two LLC v. Farmers Insurance* | Superior Court of the State of California for the County of Riverside | Expert testimony on behalf of fee-seeking party |

| CASE NAME | COURT/PANEL | NATURE OF TESTIMONY |
|---|---|---|
| *Menlo v. Big Lots Stores, et. al.* | Superior Court of the State of California for the County of San Diego | Expert testimony on behalf of fee-opposing party |
| *Hoang v. Hoang* | United States District Court for the Central District of California | Expert testimony on behalf of fee-seeking party |
| *Aerotek Affiliated Services, Inc. v. Mettler-Toledo Rainin LLC* | American Arbitration Association (Maryland) | Expert testimony on behalf of fee-seeking party |
| *Martin v. Inland Urology Medical Group* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-seeking party |
| *In re Kanter* | United States Bankruptcy Court for the Central District of California | Expert testimony on behalf of fee-seeking party |
| *Shahbazian v. CVS RX Services* | American Arbitration Association (Los Angeles) | Expert testimony on behalf of fee-seeking party |
| *Cruz v. Orange County Sanitation District* | Superior Court of the State of California for the County of Orange | Expert testimony on behalf of fee-seeking party |
| *Thomas v. Security Industry Specialists, Inc.* | American Arbitration Association (Los Angeles) | Expert testimony on behalf of fee-seeking party |
| *Newborn v. City of Santa Clarita* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-seeking party |
| *Nayback v. FM Restaurants HQ, et. al.* | JAMS Arbitration (Los Angeles) | Expert testimony on behalf of fee-seeking party |
| *Newborn v. City of Santa Clarita* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-seeking party |

| CASE NAME | COURT/PANEL | NATURE OF TESTIMONY |
|---|---|---|
| *Wilson Elser v. SRCC Associates LLC, et. al.* | AAA Arbitration (San Francisco) | Expert testimony on behalf of fee-seeking party |
| *United States of America (Thrower) v. Academy Mortgage Corp.* | United States District Court for the Northern District of California | Expert testimony on behalf of fee-opposing party |
| *Fowler v. Jensen Meat Co.* | Superior Court of the State of California for the County of San Diego | Expert testimony on behalf of fee-seeking party |
| *Heidari v. Sweeney, et. al.* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-seeking party |
| *ViacomCBS v. Great Divide Insurance Co.* | United States District Court for the Central District of California | Expert testimony on behalf of fee-opposing party |
| *Barragan v. Ace Industrial Supply, Inc.* | Judicate West Arbitration Los Angeles | Expert testimony on behalf of fee-seeking party |
| *Thekkek v. Bird Marella* | Los Angeles County Bar Association Mandatory Fee Arbitration | Expert testimony on behalf of fee-seeking party |
| *Enenstein v. Hankey* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-opposing party |
| *Bertoia v. Payton* | Denver District Court for the State of Colorado | Expert testimony on behalf of fee-opposing party |
| *Seneman LLC, et. al. v. Corona Industrial JV, et. al.* | Superior Court of the State of California for the County of Riverside | Expert testimony on behalf of fee-opposing party |
| *HSS Inc. v. Evolution Consulting LLC* | United States District Court for the District of Colorado | Expert testimony on behalf of fee-seeking party |

| CASE NAME | COURT/PANEL | NATURE OF TESTIMONY |
|---|---|---|
| *Pierce v. County of Los Angeles* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-opposing party |
| *Rueda v. Pacquiao II* | Superior Court of the State of California for the County of Los Angeles | Expert testimony on behalf of fee-opposing party |
| *Salstrom v. Solnsoft* | JAMS Arbitration (Los Angeles) | Expert testimony on behalf of fee-seeking party |
| *In re: Fifth Third Early Access Cash Advance Litigation* | United States District Court for the Southern District of Ohio | Expert testimony on behalf of fee-opposing party |
| *Timmins v. Henderson* | United States District Court for the District of Colorado | Expert testimony on behalf of fee-opposing party |
| *WheelImage Corp. v. Axial Manufacturing* | United States District Court for the Central District of California | Expert testimony on behalf of fee-seeking party |
| *Beltran v. Hard Rock Hotel Licensing* | Superior Court of the State of California for the County of Riverside | Expert testimony on behalf of fee-seeking party |

# EXHIBIT C



*ELM Solutions*

# 2023 Real Rate Report®

The industry's leading analysis of law firm rates, trends, and practices





**Report Editor**

**Jeffrey Solomon**
Vice President, Segment Leader
LegalVIEW® BillAnalyzer
Wolters Kluwer ELM Solutions

**Lead Data Analysts**

**Carol Au**
Business Systems Quantitative Analyst
Wolters Kluwer ELM Solutions

**Anand Kumar Pathinettam Padian**
Software and Data Engineer
Wolters Kluwer ELM Solutions

**ELM Solutions Creative**

**David Andrews**
Senior Graphic Designer
Wolters Kluwer ELM Solutions

**Contributing Analysts and Authors**

**Jason Bender**
Legal Analytics Product Manager
Wolters Kluwer ELM Solutions

**Haemi Jung**
Strategic Business Intelligence Manager
Wolters Kluwer ELM Solutions

**Margie Sleboda**
Lead Technology Product Manager
Wolters Kluwer ELM Solutions

**Executive Sponsor**

**Barry Ader**
Vice President, Product Management and Marketing
Wolters Kluwer ELM Solutions

© 2004 – 2023 Wolters Kluwer ELM Solutions. All rights reserved. This material may not be reproduced, displayed, modified, or distributed in any form without the express prior written permission of the copyright holders. To request permission, please contact:

ELM Solutions, a Wolters Kluwer business
3009 Post Oak Blvd, Suite 1000
Houston, TX 77056 United States
ATTN: Marketing
ELMSolutionsSales@wolterskluwer.com

**LEGAL CAVEAT**

Wolters Kluwer ELM Solutions has worked to ensure the accuracy of the information in this report; however, Wolters Kluwer ELM Solutions cannot guarantee the accuracy of the information or analyses in all cases. Wolters Kluwer ELM Solutions is not engaged in rendering legal, accounting, or other professional services. This report should not be construed as professional advice on any particular set of facts or circumstances. Wolters Kluwer ELM Solutions is not responsible for any claims or losses that may arise from any errors or omissions in this report or from reliance upon any recommendation made in this report.

# Section II: Practice Area Analysis

**Corporate: Other**
By City

**2023 - Real Rates for Associate and Partner**     **Trend Analysis - Mean**

| City | Role | n | First Quartile | Median | Third Quartile | 2023 | 2022 | 2021 |
|------|------|---|----------------|--------|----------------|------|------|------|
| Atlanta GA | Partner | 64 | $465 | $727 | $995 | $740 | $740 | $740 |
| | Associate | 58 | $425 | $504 | $618 | $527 | $482 | $479 |
| Austin TX | Partner | 16 | $450 | $495 | $760 | $620 | $502 | $460 |
| | Associate | 13 | $350 | $635 | $698 | $555 | $478 | $391 |
| Baltimore MD | Partner | 22 | $418 | $645 | $851 | $648 | $606 | $664 |
| | Associate | 26 | $300 | $383 | $520 | $445 | $452 | $500 |
| Birmingham AL | Associate | 12 | $345 | $374 | $380 | $359 | $315 | $315 |
| Boston MA | Partner | 40 | $503 | $655 | $865 | $711 | $775 | $743 |
| | Associate | 20 | $425 | $450 | $662 | $559 | $520 | $491 |
| Chicago IL | Partner | 130 | $763 | $967 | $1,248 | $1,008 | $965 | $938 |
| | Associate | 118 | $544 | $650 | $790 | $688 | $619 | $564 |
| Cleveland OH | Partner | 33 | $525 | $625 | $740 | $645 | $618 | $607 |
| | Associate | 11 | $351 | $420 | $462 | $405 | $349 | $375 |
| Dallas TX | Partner | 24 | $623 | $818 | $1,039 | $843 | $793 | $666 |
| | Associate | 32 | $373 | $608 | $800 | $610 | $634 | $525 |

# Section II: Practice Area Analysis

**Corporate: Other**
By City

**2023 - Real Rates for Associate and Partner**                    **Trend Analysis - Mean**

| City | Role | n | First Quartile | Median | Third Quartile | 2023 | 2022 | 2021 |
|------|------|---|----------------|--------|----------------|------|------|------|
| **Denver CO** | Partner | | | | | | | |
| | | 12 | $475 | $530 | $614 | $551 | $602 | $634 |
| **Hartford CT** | Partner | | | | | | | |
| | | 10 | $504 | $527 | $685 | $607 | $648 | $550 |
| **Houston TX** | Partner | | | | | | | |
| | | 33 | $650 | $750 | $990 | $816 | $896 | $782 |
| | Associate | | | | | | | |
| | | 24 | $453 | $623 | $751 | $634 | $596 | $580 |
| **Indianapolis IN** | Partner | | | | | | | |
| | | 14 | $393 | $440 | $514 | $458 | $544 | $517 |
| **Jackson MS** | Partner | | | | | | | |
| | | 19 | $375 | $400 | $455 | $418 | $456 | $419 |
| | Associate | | | | | | | |
| | | 11 | $55 | $250 | $264 | $179 | $199 | $134 |
| **Kansas City MO** | Partner | | | | | | | |
| | | 33 | $450 | $501 | $601 | $537 | $530 | $544 |
| **Los Angeles CA** | Partner | | | | | | | |
| | | 155 | $649 | $944 | $1,240 | $965 | $914 | $890 |
| | Associate | | | | | | | |
| | | 132 | $495 | $708 | $882 | $696 | $678 | $655 |
| **Miami FL** | Partner | | | | | | | |
| | | 34 | $448 | $562 | $696 | $597 | $563 | $501 |
| | Associate | | | | | | | |
| | | 15 | $295 | $405 | $521 | $420 | $357 | $429 |
| **Minneapolis MN** | Partner | | | | | | | |
| | | 23 | $615 | $700 | $728 | $682 | $625 | $625 |
| | Associate | | | | | | | |
| | | 16 | $360 | $418 | $486 | $431 | $415 | $468 |
| **New Orleans LA** | Partner | | | | | | | |
| | | 22 | $355 | $380 | $479 | $409 | $382 | $376 |

# Section II: Practice Area Analysis

**Corporate: Other**
By City

**2023 - Real Rates for Associate and Partner**                    **Trend Analysis - Mean**

| City | Role | n | First Quartile | Median | Third Quartile | 2023 | 2022 | 2021 |
|------|------|---|----------------|--------|----------------|------|------|------|
| **New Orleans LA** | Associate | | | | | | | |
| | | 10 | $278 | $325 | $356 | $316 | $269 | $299 |
| **New York NY** | Partner | | | | | | | |
| | | 374 | $857 | $1,360 | $1,774 | $1,278 | $1,206 | $1,101 |
| | Associate | | | | | | | |
| | | 410 | $618 | $814 | $1,125 | $842 | $804 | $743 |
| **Orlando FL** | Partner | | | | | | | |
| | | 14 | $478 | $560 | $704 | $576 | $493 | $507 |
| **Philadelphia PA** | Partner | | | | | | | |
| | | 133 | $626 | $796 | $985 | $840 | $805 | $775 |
| | Associate | | | | | | | |
| | | 91 | $405 | $460 | $559 | $504 | $489 | $451 |
| **Phoenix AZ** | Partner | | | | | | | |
| | | 17 | $328 | $353 | $508 | $435 | $557 | $471 |
| | Associate | | | | | | | |
| | | 13 | $238 | $288 | $343 | $300 | $338 | $286 |
| **Pittsburgh PA** | Partner | | | | | | | |
| | | 17 | $598 | $765 | $917 | $720 | $602 | $663 |
| | Associate | | | | | | | |
| | | 18 | $393 | $475 | $663 | $544 | $455 | $412 |
| **Portland OR** | Partner | | | | | | | |
| | | 16 | $448 | $542 | $585 | $548 | $508 | $542 |
| | Associate | | | | | | | |
| | | 17 | $300 | $398 | $444 | $387 | $428 | $392 |
| **San Diego CA** | Partner | | | | | | | |
| | | 32 | $385 | $483 | $533 | $567 | $685 | $684 |
| | Associate | | | | | | | |
| | | 30 | $250 | $315 | $358 | $330 | $321 | $329 |
| **San Francisco CA** | Partner | | | | | | | |
| | | 51 | $707 | $944 | $1,178 | $949 | $843 | $789 |

# Section II: Practice Area Analysis

**Corporate: Other**
By City

**2023 – Real Rates for Associate and Partner**                    **Trend Analysis – Mean**

| City | Role | n | First Quartile | Median | Third Quartile | 2023 | 2022 | 2021 |
|------|------|---|----------------|--------|----------------|------|------|------|
| **San Francisco CA** | Associate | | | | | | | |
| | | 18 | $428 | $504 | $607 | $582 | $617 | $609 |
| **San Jose CA** | Partner | | | | | | | |
| | | 16 | $747 | $1,013 | $1,185 | $1,003 | $956 | $968 |
| **Seattle WA** | Partner | | | | | | | |
| | | 26 | $558 | $715 | $864 | $728 | $696 | $614 |
| | Associate | | | | | | | |
| | | 25 | $451 | $530 | $600 | $551 | $478 | $475 |
| **Tampa FL** | Partner | | | | | | | |
| | | 16 | $350 | $425 | $590 | $514 | $469 | $494 |
| **Washington DC** | Partner | | | | | | | |
| | | 329 | $795 | $950 | $1,148 | $994 | $957 | $913 |
| | Associate | | | | | | | |
| | | 284 | $525 | $695 | $740 | $677 | $667 | $642 |

wolterskluwer.com

# Section II: Practice Area Analysis

**Corporate: Other**
By Matter Type and YOE

**2023 - Real Rates for Partner**                                                    **Trend Analysis - Mean**

| Years of Experience | Matter Type | n | First Quartile | Median | Third Quartile | 2023 | 2022 | 2021 |
|---|---|---|---|---|---|---|---|---|
| **Fewer Than 21 Years** | Litigation | | | | | | | |
| | | 193 | $471 | $690 | $934 | $731 | $737 | $701 |
| | Non-Litigation | | | | | | | |
| | | 312 | $525 | $781 | $1,123 | $872 | $833 | $786 |
| **21 or More Years** | Litigation | | | | | | | |
| | | 370 | $534 | $780 | $995 | $828 | $821 | $800 |
| | Non-Litigation | | | | | | | |
| | | 645 | $600 | $922 | $1,271 | $976 | $952 | $883 |

# Section II: Practice Area Analysis

**Corporate: Other**
By Matter Type and YOE

**2023 - Real Rates for Associate**                    **Trend Analysis - Mean**

| Years of Experience | Matter Type | n | First Quartile | Median | Third Quartile | 2023 | 2022 | 2021 |
|---|---|---|---|---|---|---|---|---|
| **Fewer Than 3 Years** | Litigation | 22 | $390 | $455 | $700 | $537 | $506 | $470 |
| | Non-Litigation | 60 | $388 | $491 | $735 | $559 | $480 | $553 |
| **3 to Fewer Than 7 Years** | Litigation | 79 | $351 | $461 | $732 | $540 | $507 | $474 |
| | Non-Litigation | 122 | $410 | $575 | $966 | $692 | $585 | $542 |
| **7 or More Years** | Litigation | 118 | $368 | $520 | $686 | $541 | $540 | $512 |
| | Non-Litigation | 180 | $459 | $695 | $871 | $721 | $664 | $618 |

wolterskluwer.com

# Section II: Practice Area Analysis

**Corporate: Other**
By Firm Size and Matter Type

**2023 – Real Rates for Associate and Partner**                **Trend Analysis – Mean**

| Firm Size | Matter Type | Role | n | First Quartile | Median | Third Quartile | 2023 | 2022 | 2021 |
|---|---|---|---|---|---|---|---|---|---|
| **50 Lawyers or Fewer** | Litigation | Partner | 94 | $356 | $455 | $600 | $493 | $484 | $458 |
| | | Associate | 53 | $250 | $300 | $375 | $342 | $328 | $283 |
| | Non-Litigation | Partner | 135 | $350 | $450 | $578 | $474 | $454 | $431 |
| | | Associate | 77 | $225 | $300 | $350 | $318 | $311 | $280 |
| **51-200 Lawyers** | Litigation | Partner | 117 | $367 | $480 | $750 | $554 | $590 | $555 |
| | | Associate | 59 | $280 | $332 | $450 | $388 | $394 | $383 |
| | Non-Litigation | Partner | 125 | $395 | $495 | $665 | $554 | $564 | $604 |
| | | Associate | 37 | $286 | $340 | $405 | $360 | $382 | $415 |
| **201-500 Lawyers** | Litigation | Partner | 163 | $501 | $685 | $990 | $747 | $705 | $663 |
| | | Associate | 103 | $384 | $514 | $713 | $544 | $492 | $440 |
| | Non-Litigation | Partner | 282 | $525 | $655 | $962 | $754 | $709 | $655 |
| | | Associate | 202 | $390 | $475 | $682 | $542 | $508 | $473 |
| **501-1,000 Lawyers** | Litigation | Partner | 208 | $695 | $932 | $1,160 | $943 | $935 | $915 |
| | | Associate | 214 | $437 | $623 | $730 | $604 | $621 | $609 |
| | Non-Litigation | Partner | 363 | $728 | $1,023 | $1,515 | $1,136 | $1,095 | $1,005 |
| | | Associate | 354 | $589 | $730 | $940 | $775 | $730 | $669 |
| **More Than 1,000 Lawyers** | Litigation | Partner | 152 | $785 | $915 | $1,318 | $1,026 | $963 | $944 |

# Section II: Practice Area Analysis

**Corporate: Other**
By Firm Size and Matter Type

**2023 - Real Rates for Associate and Partner**                                    **Trend Analysis – Mean**

| Firm Size | Matter Type | Role | n | First Quartile | Median | Third Quartile | 2023 | 2022 | 2021 |
|---|---|---|---|---|---|---|---|---|---|
| **More Than 1,000 Lawyers** | Litigation | Associate | 165 | $495 | $603 | $802 | $652 | $628 | $595 |
| | Non-Litigation | Partner | 331 | $955 | $1,195 | $1,555 | $1,261 | $1,215 | $1,102 |
| | | Associate | 304 | $569 | $769 | $1,050 | $823 | $793 | $730 |

# EXHIBIT D

22-cv-04986-JSC

United States District Court, Northern District of California

# Silicon Genesis Corp. v. Ev Grp. E. Thallner Gmbh

Decided Apr 15, 2024

22-cv-04986-JSC

04-15-2024

SILICON GENESIS CORPORATION, Plaintiff, v. EV GROUP E. THALLNER GMBH, Defendant.

JACQUELINE SCOTT CORLEY UNITED STATES DISTRICT JUDGE

**ORDER RE: ATTORNEYS' FEES AND COSTS RE: DKT. NOS. 123, 124, 125**

JACQUELINE SCOTT CORLEY UNITED STATES DISTRICT JUDGE

Plaintiff (SiGen) sues Defendant (EVG) for failing to pay royalties owed under a patent licensing agreement. (Dkt. No. 44.)[1] The Court granted SiGen's motion for monetary contempt sanctions against EVG for violating the Protective Order. (Dkt. No. 122.) Before the Court are the parties' declarations as to SiGen's request for attorneys' fees and costs. (Dkt. Nos. 123, 124, 125.) Having carefully considered the submissions, the Court AWARDS SiGen $51,162.58, which consists of $46,400 for Mr. Poe's prosecution of SiGen's application for a temporary restraining order and preliminary injunction and $4,762.58 for SiGen's Austrian representation.

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

**DISCUSSION**

"Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986). In civil contempt actions, "an award to an opposing party is limited by that party's actual loss." *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1366-67 (9th Cir. 1987); *see also Gen. Signal Corp.*, 787 F.2d at 1380 ("Compensatory awards are limited to 'actual losses *sustained as a result* *2 *of the contumacy.'").

The Court held EVG in contempt for violating the Protective Order by using confidential emails produced in this action to initiate suit against SiGen in Austria. (Dkt. No. 122.) SiGen seeks monetary sanctions consisting of attorneys' fees and costs for representation in the Austrian litigation and prosecution of SiGen's application for a temporary restraining order and preliminary injunction. (Dkt. No. 113-2 ¶¶ 9-10.) At a rate of $1,000 an hour, SiGen requests $57,900 in attorneys' fees for 57.9 hours spent prosecuting SiGen's application for a temporary restraining order and preliminary injunction, in addition to $8,094.28 for Austrian counsel's preparation to respond to EVG's Austrian complaint. (Dkt. No. 123 ¶ 9.) Combined with the $922.31 SiGen seeks in out-of-pocket costs, the total monetary sanction SiGen requests is $66,916.59. (*Id.*)

**I. Attorneys' Fees**



Silicon Genesis Corp. v. Ev Grp. E. Thallner GmbH, Not Reported... 2024 WL... -cv-04986-JSC (N.D. Cal. Apr. 15, 2024)

The presumptive lodestar method for calculating attorneys' fees multiples the number of hours reasonably expended on the litigation by the reasonable hourly rate. *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). "In calculating the lodestar, district courts have a *duty* to ensure that claims for attorneys' fees are reasonable." *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018) (cleaned up).

**a. Hourly Rate**

To determine the reasonable hourly rate, the Court considers the experience, skill, and reputation of the attorneys requesting fees, as well as "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Schwarz v. Sec'y of Health & Hum. Servs.*, 73 F.3d 895, 908 (9th Cir. 1995). "The relevant community for purposes of determining the prevailing market rate is generally the forum in which the district court sits." *TPCO U.S. Holding, LLC v. Fussell*, No. 23-CV-01324-EMC, 2023 WL 5111986, at *2 (N.D. Cal. Aug. 9, 2023) (cleaned up).

SiGen requests a reasonable hourly rate of $1,000 per hour for the 57.9 hours Mr. Poe spent prosecuting SiGen's application for a temporary restraining order and preliminary injunction. *AdTrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2020 WL 1921774, at *8 (N.D. Cal. Mar. 24, 2020) (approving of Gaw | Poe's rate of $1,000 per hour as "reasonable and [3] comparable to the fees generally charged by attorneys with similar experience, ability, and reputation for work on similar matters in this judicial district."); *In re Outlaw Lab'ys, LP Litig.*, No. 18-CV-840-GPC-BGS, 2023 WL 6522383, at *4 (S.D. Cal. Oct. 5, 2023) ("[T]he Court holds that $996 is a reasonable rate for Mr. Poe. . .").

As to Austrian counsel's fees, SiGen requests $8,094.28 for the 21.167 hours three Wolf Theiss attorneys spent preparing a response to EVG's Austrian complaint. (Dkt. No. 123 at 4, 11.) The description of services provided yields the following totals:

• Eva Spiegel: 5 hours at €500.00 per hour, totaling €2,500.00.

• Stephan Kugler: 6.5 hours at €400.00 per hour, totaling €2,600.00.

• Dominik Szerencsics: 9.667 hours at €240.00 per hour, totaling €2,320.00.

(*Id.* at 11.) Because the Court lacks information on the experience, skill, and reputation of Austrian counsel, the reasonable rate for Austrian counsel's work is $300 per hour. *TPCO U.S. Holding, LLC*, 2023 WL 5111986, at *2. ("Here, the relevant forum for comparing reasonable attorney rates is the Northern District Court of California. District courts in Northern California have found that rates of $475-$975 per hour for partners and $300-490 per hour for associates are reasonable." (cleaned up)); *Superior Consulting Servs., Inc. v. Steeves-Kiss*, No. 17-CV-06059-EMC, 2018 WL 2183295, at *5 (N.D. Cal. May 11, 2018) ("As for the reasonable hourly rate, district courts in Northern California have found that rates of $475-$975 per hour for partners and $300-$490 per hour for associates are reasonable."); *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 WL 3960068, at *20 (N.D. Cal. Aug. 17, 2018) (finding $240 hourly rate for contract and staff attorneys reasonable); *Banas v. Volcano Corp.*, 47 F.Supp.3d 957, 965 (N.D. Cal. 2014) (approving rates ranging from $355 to $1,095 per hour for partners and associates). So, Austrian counsel's billable amount is reduced to $6,350.10.

**b. Hours Expended**

"In determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours that are excessive, redundant, or otherwise unnecessary." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (cleaned up). SiGen's counsel "bears the burden of submitting detailed time records



Silicon Genesis Corp. v. Ev Grp. E. Thallner..., Slip Copy (2024) ...-cv-04986-JSC (N.D. Cal. Apr. 15, 2024)

4  justifying the hours claimed to have been *4 expended." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *opinion amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987). The Court may reduce those hours "where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; or if the hours expended are deemed excessive or otherwise unnecessary." *Id.*

The billable amount of Gaw | Poe hours expended is reduced by 11.5 hours because the Court declines to award fees for SiGen's counsel's time traveling to and from this District, where Gaw | Poe LLP is based. (Dkt. No. 123 at 8.) So, Mr. Poe's billable amount is reduced to $46,400.

As to Austrian counsel, SiGen fails to provide contemporaneous records of the 21.167 hours spent preparing a response to EVG's Austrian complaint. Further, Austrian counsel's description of services fails to "segregate the fees by task or category, which makes it difficult to evaluate the reasonableness of the time expended, or to calculate precise sums that should be allowed or disallowed." *Davis v. Elec. Arts Inc.*, No. 10-CV-03328-RS (DMR), 2018 WL 1609289, at *7 (N.D. Cal. Apr. 3, 2018), *objections overruled*, No. 10-CV-03328-RS, 2018 WL 11436294 (N.D. Cal. May 10, 2018). For these reasons, Austrian counsel's fee request warrants a 25% reduction. *Hensley v. Eckerhart*, 461 U.S. 424, 438 (1983) ("[T]he District Court properly considered the reasonableness of the hours expended, and reduced the hours of one attorney by thirty percent to account for his inexperience and failure to keep contemporaneous time records."); *see, e.g.*, *Innovative Sports Mgmt., Inc. v. Gutierrez*, No. 22-CV-05793-BLF, 2023 WL 4686018, at *2 (N.D. Cal. July 20, 2023) ("Because the billing records were not created contemporaneously, the Court finds that they are inherently less reliable and susceptible to time inflation."). So, Austrian counsel's billable amount is reduced to $4,762.58.

EVG insists the sanctions award "should not reflect the full amount of SiGen's fees" by rehashing its argument EVG believed it did not violate the Protective Order. (Dkt. No. 125 at 2.) Relying on *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993), EVG requests the Court lower the sanctions award because EVG "did not disseminate *SiGen*'s confidential or proprietary information when it initiated the Austrian lawsuit." (*Id.*) The Court already dismissed this argument in deciding EVG blatantly violated the Protective Order by 4 *5 misusing confidential material produced in this litigation for an improper purpose. (Dkt. No. 122 at 4-5.) *In re Dual-Deck* is inapplicable because, here, EVG purposefully revealed confidential information-SiGen's CEO's email correspondence-in violation of the Protective Order. *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) ("The defendants have not accused Go-Video of revealing any secrets.").

\* \* \*

The total attorneys' fee award is $51,162.58, which consists of $46,400 for Mr. Poe's prosecution of SiGen's application for a temporary restraining order and preliminary injunction and $4,762.58 for SiGen's Austrian representation.

**II. Costs**

SiGen requests $922.31 in out-of-pocket costs for Mr. Poe's airfare to and from San Francisco, in-flight Wi-Fi, hotel, car ride from the Court to the airport, airport dinner, and parking. (Dkt. No. 123 ¶ 8.) The Court declines to award costs related to Mr. Poe's travel to and from this District.

EVG requests the Court deduct $228.38 from the sanctions award on the grounds Austrian counsel failed to seek "reimbursement of certain legal costs incurred in connection with filing materials with the Vienna Court." (Dkt. No. 125 at 2.)

casetext
Part of Thomson Reuters

Silicon Genesis Corp. v. Ev Grp. E. Thallner GmbH, No. 5:18-cv-04986-JSC (N.D. Cal. Apr. 15, 2024)

SiGen does not seek costs for the Vienna court's filing fees, so the Court declines to deduct $228.38 from the sanctions award.

**CONCLUSION**

Accordingly, the Court AWARDS SiGen $51,162.58, which consists of $46,400 for Mr.

Poe's prosecution of SiGen's application for a temporary restraining order and preliminary injunction and $4,762.58 for SiGen's Austrian representation.

This Order disposes of Docket Nos. 123, 124, and 125.

**IT IS SO ORDERED.**

