UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 18-6809-MWF (MRWx) | Date:  August 2, 2024 |
| Title:  L.A. International Corporation v. Prestige Brands Holdings, Inc., et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS [410]

Before the Court is Plaintiffs L.A. International Corp. et al.'s Motion for Attorneys' Fees and Costs (the "Motion"), filed on June 3, 2024.  (Docket No. 377). Defendants Prestige Consumer Healthcare Inc. (f/k/a "Prestige Brands Holdings, Inc.") and Medtech Products Inc. filed an Opposition on June 17, 2024.  (Docket No. 384). Plaintiffs filed a Reply on June 24, 2024.  (Docket No. 386).

The Court has read and considered the papers on the Motion and held a hearing on **July 8, 2024**.

The Motion is **GRANTED** *in part*.  Plaintiffs seek $7,651,766.80 in attorneys' fees and $35,546.99 in costs.  In response, Defendants argue that Plaintiffs should recover no more than $2,711.197.50 in attorneys' fees and no costs.  The Court considers the parties' specific arguments but rejects both parties' numerical suggestions.  Instead, the Court awards **$3,142,268.45 in attorneys' fees** and **$35,546.99 in costs** based on the reasons detailed as follows:

- **Attorneys' Fees:**
    - The Court generally agrees with Defendants contention that the hourly rates requested by Plaintiffs are unreasonable.  Based on the rates in the relevant community, Plaintiffs' counsel experience, and the complexity of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-6809-MWF (MRWx)                    Date:  August 2, 2024
Title:   L.A. International Corporation v. Prestige Brands Holdings, Inc., et al.

> this action, the Court concludes that the following hourly rates are reasonable: **$1,050** for Mr. Gaw and Mr. Poe, and **$950** for Mr. Song, Mr. Meng, and Ms. Vigo.

- o As for the number of reasonable hours worked, the Court has applied a modest 10% across-the-board cut to the hours to account for work billed by partners that could have been performed by associates.

- o Therefore, the Court awards Plaintiffs **$$3,142,268.45** [$3,307,651.00 x 0.95] in attorneys' fees.

- **Costs:**

  - o Because the costs appear reasonable and exclude any expenses incurred by the non-California Plaintiffs, the Court awards **$35,546.99** in costs.

I.   **BACKGROUND**

Because the parties are familiar with the facts and procedural history, the Court only summarizes the pertinent background.

On August 8, 2018, Plaintiffs filed this action for unlawful price discrimination and unfair competition with respect to Defendants' sale of Clear Eyes to Plaintiffs and their competitors, Costco Wholesale Corporation and Sam's Club (the "Favored Purchasers").  The First Amended Complaint alleged that Defendants violated (1) Section 2(a) of the Robinson-Patman Act ("RPA"), 15 U.S.C. § 13(a); (2) Section 2(d) of the RPA, 15 U.S.C. § 13(d); (3) the California's Unfair Practices Act ("UPA"), California Business & Professions Code section 17045; and (4) California's Unfair Competition Law ("UCL"), California Business & Professions Code section 17200.  (Docket No. 10 ¶¶ 49–66).

After trial, the jury found in favor of Plaintiffs on their Section 2(a) RPA claim and the five California-based Plaintiffs (L.A. International, L.A. Top Distributor, Pitco,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 18-6809-MWF (MRWx)          Date: August 2, 2024

Title:    L.A. International Corporation v. Prestige Brands Holdings, Inc., et al.

U.S. Wholesale, and Value Distributor) on their UPA claim. (Docket No. 329). Accordingly, the jury awarded the following damages:

| Plaintiff | Section 2(a) Damages | UPA Damages |
|---|---|---|
| AKR | $25,000 | N/A |
| Border Cash & Carry | $0 | N/A |
| Excel Wholesale | $25,000 | N/A |
| L.A. International | $95,000 | $90,000 |
| L.A. Top Distributor | $25,000 | $30,000 |
| Manhattan Wholesalers | $25,000 | N/A |
| Pitco | $30,000 | $75,000 |
| U.S. Wholesale | $25,000 | $5,000 |
| Value Distributor | $100,000 | $130,000 |

(*Id.* at 4, 7).

Following the jury's verdict, on May 20, 2024, the Court made its Findings of Facts and Conclusions of Law on the remaining equitable issues under Section 2(d) of the RPA, the UPA, and the UCL. (Docket No. 373). The Court entered judgment on May 28, 2024. (Docket No. 374; *see also* Amended Judgment (Docket No. 380)). Plaintiffs filed the instant Motion on June 3, 2024. (Docket No. 378).

Plaintiffs now move for attorneys' fees and costs.

## II.    DISCUSSION

Under the Sherman Act, an antitrust plaintiff "shall recover . . . the cost of suit, including a reasonable attorney's fee." 15 U.S.C. § 15(a); *see also* 15 U.S.C. § 26 ("Any person, firm, corporation, or association shall be entitled to sue for and have injunctive relief . . . . In any action under this section in which the plaintiff substantially prevails, the court shall award the cost of suit, including a reasonable attorney's fee, to such plaintiff."). Likewise, plaintiffs who establish a violation of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 18-6809-MWF (MRWx)        **Date:** August 2, 2024
**Title:** L.A. International Corporation v. Prestige Brands Holdings, Inc., et al.

section 17045 of the UPA are also entitled to fees. Cal. Bus. & Prof. Code § 17082 ("[T]he plaintiff shall be awarded a reasonable attorney's fee together with the costs of suit.").

Because Plaintiffs prevailed on their RPA claims, the parties do not dispute that Plaintiffs are entitled to attorneys' fees and costs. Instead, the parties dispute what amount of fees is reasonable.

### A. **Attorneys' Fees**

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," otherwise known as the "lodestar method." *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1159 (9th Cir. 2018) (citation omitted). "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citation omitted).

The following chart presents the final calculation of the lodestar amount for work performed from July 25, 2018, through March 19, 2024:

| Biller | Rate | Hours | Total |
|---|---|---|---|
| Randolph Gaw | $1,314 | 626.8 | $823,615.2 |
| Mark Poe | $1,314 | 1,369.0 | $1,798,866.00 |
| Samuel Song | $1,001 | 1,165.0 | $1,166,165.00 |
| Victor Meng | $1,001 | 5.8 | $5,805.80 |
| Flora Vigo | $1,001 | 31.4 | $31,431.40 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 18-6809-MWF (MRWx)          Date: August 2, 2024

Title: L.A. International Corporation v. Prestige Brands Holdings, Inc., et al.

| Total | | 3,198 | $3,825,883.40 |

(*See* Motion at 3, 13–14; Reply at 18–20; Supplemental Timesheet (Docket No. 386-8)).

### 1. Hourly Rate

"To determine a 'reasonable hourly rate,' the district court should consider: 'experience, reputation, and ability of the attorney; the outcome of the results of the proceedings; the customary fees; and the novelty or the difficulty of the question presented.'" *Hiken v. Dep't of Defense*, 836 F.3d 1037, 1044 (9th Cir. 2016) (citation omitted). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *Beauchamp v. Anaheim Union High Sch. Dist.*, 816 F.3d 1216, 1224 (9th Cir. 2016) (citation omitted). "Once a fee applicant presents such evidence, the opposing party 'has a burden of rebuttal that requires submission of evidence . . . challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits.'" *Chaudhry v. City of L.A.*, 751 F.3d 1096, 1110–11 (9th Cir. 2014*)* (citation omitted).

Here, Plaintiffs' counsel requests an hourly rate of $1,314 for Mr. Gaw and Mr. Poe and $1,001 for Mr. Song, Mr. Meng, and Ms. Vigo. (Motion at 13–14). Plaintiffs' counsel primarily rely on the declaration of Gerald G. Knapton, an attorneys' fees expert, who avers that the requested rates are reasonable based on the third-quartile rate in the 2023 Real Rate Report for Los Angeles-based partners in the "Corporate: Other" category after accounting for a 6% positive adjustment. (*See* Declaration of Gerald G. Knapton ("Knapton Decl.") (Docket No. 377-9) ¶¶ 60–61; *see also* 2023 Real Rate Report (Docket No. 377-12) at 99); 2022 Real Rate Report (Docket No. 377-3)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-6809-MWF (MRWx)                Date:  August 2, 2024
Title:   L.A. International Corporation v. Prestige Brands Holdings, Inc., et al.

    Plaintiffs' counsel have also submitted declarations regarding their experience, qualifications, prior fee awards in similar cases, and the prevailing fees in the community.  (*See* Declaration of Mark Poe ("Poe Decl.") (Docket No. 377-1) ¶¶ 11–24; Knapton Decl ¶¶ 13–14, 25).  For instance, Plaintiffs' counsel has extensive experience litigating antitrust actions.  (Poe Decl. ¶ 11).  Plaintiffs' counsel have served as counsel in several RPA cases, including a class action against the country's largest liquor distributor.  (*Id.* ¶¶ 18–19).

    In response, Defendants argue that the requested hourly rates are inflated on several grounds.  (Opp. at 3–4).  Defendants point out that, in 2019, Plaintiffs proposed an hourly rate of $744 for Mr. Gaw and Mr. Poe and $510 for Mr. Song when seeking discovery sanctions.  (*Id.* at 5–6).  Defendants also note that the requested hourly rate is 76% higher than the highest hourly rate charged by their counsel in this litigation.  (*Id.* at 6).

    Defendants instead suggest that an hourly rate of $600 is more reasonable in light of the recent fee awards obtained by Plaintiffs' counsel and the Real Rate Report rate for small firms in the Los Angeles area.  (*Id.* at 3–4).  Further, Defendants' expert, Grant D. Stiefel, further opines that the following rates area reasonable: $1,050 for Mr. Gaw and Mr. Poe, and $950 for Mr. Song, Mr. Meng, and Ms. Vigo.  (Declaration of Grant D. Stiefel ("Stiefel Decl.") (Docket No. 384-1) ¶¶ 44–45).

    The Court agrees with Defendants that the requested hourly rates are unreasonable.  ***First***, no district court has awarded Plaintiffs' counsel the rates requested here.  *See AdTrader, Inc. v. Google LLC*, No. 17-cv-07082-BLF, 2020 WL 1921774, at *8 (N.D. Cal. Mar. 24, 2020) ($1,000 for Mr. Poe and Mr. Gaw, and $855 for Mr. Song and Mr. Meng); *In re Outlaw Lab., LP Litig.*, No. 18-cv-840-GPC-BGS, 2023 WL 6522383, at *4 (S.D. Cal. Oct. 5, 2023) ($996 for Mr. Poe and Mr. Gaw, and $885 for Mr. Song and Ms. Vigo); *Trendsettah USA Inc. v. Swisher Int'l Inc.*, No. 14-CV-1664-JVS (DFMx), 2023 WL 8263365, at *14 (C.D. Cal. Nov. 17, 2023) ($1,045 for Mr. Gaw and Mr. Poe, and $855 for Mr. Meng, Mr. Song, and Ms. Vigo); *Silicon Genesis Corp. v. Ev Grp. E. Thallner GmbH*, No. 22-cv-04986-JSC, at *2 (N.D. Cal. Apr. 15, 2024) ($1,000 for Mr. Poe).  The Court declines to award a rate that is far

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 18-6809-MWF (MRWx)          **Date:** August 2, 2024
**Title:** L.A. International Corporation v. Prestige Brands Holdings, Inc., et al.

---

above what has previously been awarded, especially given that it could create a new benchmark for Plaintiffs' fee requests in the future.

*Second*, cases from this District that have awarded hourly rates comparable to Plaintiffs' counsel's request are inapposite. Plaintiffs point to *Trendsettah*, which deemed hourly rates between $1,520 and $2,180 reasonable for attorneys from the firm Goldstein & Russell. But in approving these rates, the district court recognized that Goldstein & Russell "boasts attorneys with the highest levels of legal training and experience" and "extensive Supreme Court argument." *Trendsettah*, 2023 WL 8263365, at *14. Even Plaintiffs' counsel concede that they "do not enjoy the national profile and ***reputation*** of Mr. Goldstein"—factors that are undisputedly important to the Court's inquiry. (Reply at 4 (emphasis added)).

The remainder of the cases on which Plaintiffs' counsel rely concern fee awards to "big law" firms representing large corporate clients. (*See* Motion at 14). For example, a recent case deemed reasonable DLA Piper's unopposed request for hourly rates ranging from $848 to $1,364.70 for its defense of Nike. *See N.T.A.A. v. Nordstrom, Inc.*, No. CV 22-398-DDP (AGRx), 2024 WL 1723524, at *4 (C.D. Cal. Apr. 19, 2024); *see also Netlist Inc. v. Samsung Elecs. Co.*, 341 F.R.D. 650, 675 (C.D. Cal. 2022) (awarding fees to Gibson Dunn attorneys); *Hope Med. Enters., Inc. v. Fagrgon Compounding Serv., LLC*, No. 19-cv-07748-CAS-PLAX, 2022 WL 826903, at *3 (C.D. Cal. Mar. 14, 2022) (awarding fees to King & Spaulding attorneys). Notwithstanding Plaintiffs' counsel's background, accolades, and expertise in this area of the law, it is simply unreasonable to award big law rates to a four-person firm representing mom-and-pop warehouses.

In response, Plaintiffs argue that the Supreme Court and the Ninth Circuit have noted that firm size is not relevant in determining the reasonableness of hourly rates. (Reply at 2 (citing *Charlebois v. Angels Baseball LP*, 993 F. Supp. 2d 1109, 1120 (C.D. Cal. 2012); *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)); *Pierce v. Cnty. of Orange*, 905 F. Supp. 2d 1017, 1037 n.17 (C.D. Cal. 2012))). But it is not simply the size of Plaintiffs' counsel's firm that is at issue here. It is also its reputation and its actual billing practices, for which firm size serves as a proxy. For example, big law

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-6809-MWF (MRWx)			Date:  August 2, 2024
Title:   L.A. International Corporation v. Prestige Brands Holdings, Inc., et al.

firms usually work for large corporate entities who are generally willing and able to pay higher fees than Plaintiffs here.  For similar reasons, other courts have found comparisons between Plaintiffs' counsel's firm and big law firms inapt.  *See, e.g.*, *Trendsettah USA Inc. v. Swisher Int'l Inc.*, No. SACV14-01664 JVS (DFMx), 2017 WL 11477621, at (C.D. Cal. Feb. 27, 2017) ("Gibson Dunn's or Morrison Foerster's rates are not relevant benchmarks for Gaw | Poe's rates because of differences between the firms.").

Moreover, even the 2023 Real Rate Report—on which Plaintiffs rely—recognizes that firm size is a key factor that drives rates, noting that "rates can increase if the firm is large and has various timekeeper roles at the firm.  For example, the cost to work with an associate or partner at a larger firm will be higher compared to a firm that has one to two associates and a paralegal." (2023 Real Rate Report at 5).  To illustrate this point, the 2023 Real Rate Report provides hourly rates between $398 and $680 for corporate litigation partners from Los Angeles-based firms of 50 lawyers or fewer.  (*Id.* at 168).  By contrast, corporate litigation partners from Los Angeles-based firms of more than 1,000 lawyers charge between $1,095 and $1,500.  (*Id.*).

At the hearing, Plaintiffs' counsel argued that the Court cannot rely on the hourly rates awarded years ago.  *See, e.g.*, *AdTrader*, 2020 WL 1921774, at *8.  Plaintiffs' counsel also aver that cases like *Trendsettah*, a contract dispute, were far less complicated than this action.  The Court agrees that this case involved complex legal issues and relied on an underutilized provision of the Sherman Act.  The Court therefore declines to adopt the rates provided in the 2023 Real Rate Report for Los Angeles-based firms of 50 lawyers or fewer.  Instead, the Court relies on the rates awarded in *Trendsettah*, a 2023 decision, to which the Court applies a small upward adjustment to account for the complexity of this action and inflation since 2023.

Accordingly, based on the rates in the relevant community, Plaintiffs' counsel experience, and the complexity of this action, the Court concludes that the following hourly rates are reasonable: **$1,070** for Mr. Gaw and Mr. Poe, and **$975** for Mr. Song, Mr. Meng, and Ms. Vigo.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 18-6809-MWF (MRWx)                **Date:**  August 2, 2024
**Title:**   L.A. International Corporation v. Prestige Brands Holdings, Inc., et al.

### 2.  Hours Billed

Plaintiffs' counsel expended 3,198 hours from July 2018 through June 2024.  In support of the Motion, Plaintiffs submit 47 pages of billing records, from which they deducted 304.3 hours.  (*See* Docket No. 376-2; Docket No. 386-8).  In response, Defendants argue that the hours billed by are unreasonable because Plaintiffs' counsel failed to delegate work to less experienced attorneys.  (Opp. at 6–7).

After reviewing billing records, the Court agrees that several entries appear to be for work that could have been performed by associates.  The following examples are just a handful of entries that are illustrative of this point:

| Date | Hours | Attorney | Description of Services |
|---|---|---|---|
| 9/13/2018 | 1 | Song | Review personal jurisdiction cases referenced by defendants' counsel and email with team regarding personal jurisdiction issues. |
| 9/13/2018 | 2.2 | Meng | Review personal jurisdiction cases referenced by defendants' counsel and email with team regarding personal jurisdiction issues. |
| 10/18/2018 | 2.5 | Song | Review Prestige's motion to dismiss and conduct fact and legal research for opposition |
| 10/26/2018 | 1 | Vigo | Review existing research regarding personal jurisdiction standards for purposes of drafting opposition to Prestige Brand's motion to dismiss on same grounds |
| 10/29/2018 | 0.9 | Gaw | Draft opposition to motion to seal complaint |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-6809-MWF (MRWx)                Date:  August 2, 2024
Title:   L.A. International Corporation v. Prestige Brands Holdings, Inc., et al.

| 10/29/2019 | 0.2 | Gaw | Revise opposition to motion to seal amended complaint |
| 1/3/2019 | 2.5 | Song | Review and prepare documents for production |
| 1/4/2019 | 3.4 | Song | Review and prepare documents for production |

Initially, the Court was inclined to impose a 10% "haircut" for associate-level work performed by partners.  However, the Court was somewhat persuaded by Plaintiffs' arguments that this action was litigated more efficiently *because* the work was completed by more experienced partners.  (*See* Reply at 10–12).  The Court therefore imposes a 5% haircut for the arguments raised by Defendants.  *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("[T]he district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation.").

Accordingly, the modified lodestar is as follows:

| Biller | Rate | Hours | Total |
|---|---|---|---|
| Randolph Gaw | $1,070 | 626.8 | $670,676.00 |
| Mark Poe | $1,070 | 1,369.0 | $1,464,830.00 |
| Samuel Song | $975 | 1,165.0 | $1,135,875.00 |
| Victor Meng | $975 | 5.8 | $5,655.00 |
| Flora Vigo | $975 | 31.4 | $30,615.00 |
| Total | | 3,198 | $3,307,651.00 |
| **Total after 5% Deduction** | | | **$3,142,268.45** |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-6809-MWF (MRWx)                Date:  August 2, 2024
Title:   L.A. International Corporation v. Prestige Brands Holdings, Inc., et al.

### 3.  Lodestar Multiplier

Next, the Court considers whether to enhance the award as requested by Plaintiffs based on the following factors set forth in *Kerr v. Screen Extras Guild, Inc.*:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

526 F.2d 67, 70 (9th Cir. 1975); *see also Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (providing similar factors under California law).

"Any reliance on factors that have been held to be subsumed in the lodestar determination will be considered an abuse of the trial court's discretion."  *Parsons v. Ryan*, 949 F.3d 443, 467 (9th Cir. 2020) (citation omitted).  Therefore, "an enhancement can be justified only in 'rare' and 'exceptional' cases where the presumption is overcome."  *Edmo v. Corizon, Inc.*, 97 F.4th 1165, (9th Cir. 2024) (citation omitted); *see also Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 738 (9th Cir. 2016) (per curiam) ("Because there is a strong presumption that the lodestar amount represents a reasonable fee, adjustments to the lodestar 'are the exception rather than the rule.'" (citation omitted)).

Although most of the *Kerr* factors have already been subsumed in the lodestar determination, the Court will briefly address Plaintiffs' specific arguments for a 2.0 multiplier.  While the Court acknowledges that the outcome in this action benefits the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 18-6809-MWF (MRWx)          **Date:** August 2, 2024
**Title:** L.A. International Corporation v. Prestige Brands Holdings, Inc., et al.

public and other third-party warehouses (*see* Motion at 15), none of the remaining arguments are persuasive.

      Plaintiffs first contend that a multiplier is necessary to attract competent counsel to prosecute antitrust (especially RPA) cases. (Motion at 16–17). In so arguing, Plaintiffs rely on *Kelly v. Wengler*, 822 F.3d 1085 (9th Cir. 2016), where the plaintiffs sought only declaratory and injunctive relief under the Prison Litigation Reform Act and therefore had difficulty obtaining counsel. But the reasoning from *Kelly* is inapplicable here for obvious reasons. The circumstances presented here are a far cry from those in *Kelly* given that Plaintiffs—who are not indigent and arguably could have paid some kind of fixed fee—sought monetary damages that could be trebled under the RPA. In the Court's view, this action provided several incentives for Plaintiffs' counsel to serve as counsel and is not so undesirable as to warrant an enhancement.

      Plaintiffs also point to the novelty and complexity of the case and their counsel's skill and experience. (*Id.* at 19). However, the Court has already taken these factors into account in its lodestar determination and therefore cannot rely on them to award a multiplier.

      Additionally, Plaintiffs argue that the fee should be enhanced due to the contingency risk. (*Id.* at 19–20). But given the statutory nature of the fees, the fee is not truly contingent because it does not hinge in any way on the monetary value of Plaintiffs' recovery. So long as Plaintiffs were the prevailing party, counsel was guaranteed recovery of fees for the reasonable hours worked. *See Peraza v. Ford Motor Co.*, No. CV 20-8898-AB (AGRx), 2022 WL 3098062, at *1 (C.D. Cal. May 27, 2022) ("[A] fee enhancement may not be appropriate when a statutory guarantee eliminates any uncertainty about whether costs will be awarded to the prevailing party." (citation omitted)). Moreover, the Court's use of current, rather than historic, hourly rates already takes into account the deferred nature of the fee award. Moreover, the hourly rate calculation already accounts for the contingency risk and delayed payment by awarding fees based on current, rather than historic, hourly rates.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 18-6809-MWF (MRWx) | Date: August 2, 2024 |
| Title: L.A. International Corporation v. Prestige Brands Holdings, Inc., et al. | |

The Court also concludes that a multiplier is unwarranted under California law, which similarly considers "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." *Ketchum*, 24 Cal. 4th at 1132. As already noted, most of the factors have already been considered in the Court's lodestar calculation. Nor is the Court persuaded that an upward adjustment is warranted because Plaintiffs' counsel's were precluded from pursuing other employment. The cases that Plaintiffs had to forego are all RPA cases concerning the same clients in this action and likely would have involved similarly complicated legal issues, protracted years of litigation, and contingency risks. (*See* Poe Decl. ¶ 32; *see also* Motion at 19).

Accordingly, the Court declines to apply a multiplier to the lodestar figure under either federal or California law.

### 4. Reduction for Limited Success

Defendants argue that Plaintiffs' rejection of a settlement offer under Rule 68 warrants a reduction in fees. (Opp. at 11–12). Defendants aver that the $450,000 offer of judgment served in December 2019 is more than the damages secured by Plaintiffs at trial before trebling. (*Id.* at 11).

In so arguing, Defendants rely on *Haworth v. Nevada*, which held that where "a Rule 68 offer is made and a plaintiff recovers less than the amount offered in settlement . . . the district court must take into consideration the amount of the Rule 68 offer, the stage of the litigation at which the offer was made, what services were rendered thereafter, the amount obtained by judgment, and whether it was reasonable to continue litigating the case after the Rule 68 offer was made." 56 F.3d 1048, 1052–53 (9th Cir. 1995). However, as Plaintiffs correctly note, *Haworth* is inapplicable because, even after setting aside the injunctive relief and any potential fee award, the damages ultimately obtained by Plaintiffs at trial outweigh the Rule 68 offer. (*See* Amended Judgment).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 18-6809-MWF (MRWx) | Date:  August 2, 2024 |
| Title:   L.A. International Corporation v. Prestige Brands Holdings, Inc., et al. | |

Accordingly, the Motion is **GRANTED *in part***, and the Court concludes that Plaintiffs are entitled to **$3,142,268.45** in attorneys' fees.

**B.     Costs**

Under the UPA, Plaintiff also seeks $35,546.99 in costs that are excluded by the Local Rules.  (Motion at 21 (citing Cal. Bus. & Prof. Code § 17082; Cal. Code Civ. Proc. § 1033.5)).  These costs include fees for deposition-related services and travel, trial exhibits, and trial technician services.  (*Id.* at 21–22).

Defendants dispute the amount requested, arguing that Plaintiffs cannot recover all non-taxable costs "when not every Plaintiff had a UPA claim."  (Opp. at 12).  However, Plaintiffs' request excludes any expenses incurred for the non-California-based Plaintiffs.  (*See* Poe Decl. ¶ 26).

Accordingly, the Court awards **$35,546.99** in costs.

**III.   CONCLUSION**

The Motion is **GRANTED *in part***.  Plaintiffs are entitled to **$3,142,268.45 in attorneys' fees** and **$35,546.99 in costs**.

IT IS SO ORDERED.